## Nelson T. Griswold,

### *v.*

### Steamboat Otter.

Under the statute relating to proceedings against boats and vessels, an action was brought in the District Court for Ramsey County, against Steamboat Otter, *eo nomine*, for the breach of a contract of affreightment agreed to be performed on the Minnesota river. *Held :* That under the decisions of the Federal Supreme Court this was an attempt to exercise admiralty jurisdiction, a jurisdiction conferred upon the District Courts of the United States *exclusively.*

This action was commenced in the District Court for Ramsey County, against the Steamboat Otter, under Chapter 83

of the General Statutes, authorizing proceedings against boats and vessels, to recover damages for the breach of a contract for the transportation of certain goods on the defendant from Henderson to Mankato on the Minnesota River. Issue was joined and the cause tried, which, under the instructions of the Court, resulted in a verdict for plaintiff for nominal damages ; judgment was entered and the plaintiff appeals.

ALLIS & WILLIAMS for Appellant.

GEO. L. OTIS for Respondent.

*By the Court*—BERRY, J.   The appellant brought this action in the District Court for Ramsey County to recover damages for the breach of a contract of affreightment, to wit : for the non-delivery of certain goods, shipped on board of the defendant at Henderson, for transportation to Mankato. It is claimed that this action, based upon a contract of this character, to be performed upon the Minnesota river, and brought against the boat by name, under our statute relating to proceedings against boats and vessels, is an attempt to exercise admiralty jurisdiction, a jurisdiction conferred upon the District Courts of the United States *exclusively*, except " on the lakes and navigable waters connecting said lakes."   That the breach of a contract of affreightment, to be performed upon navigable waters, is an appropriate subject of admiralty jurisdiction, can hardly be questioned; and that the remedy, sought in this case by a proceeding against the steamboat by name, is to all intents and purposes such a remedy as is administered by courts of admiralty, and can only be administered by the District Courts of the United States, (except on the lakes and connecting waters) would appear to be settled by recent decisions of the Federal Sup. Court in *The Moses Taylor*, 4 *Wal-*

*lace* 427, *and in Ad. Hine vs. Trevor, Ib.* 555. In the latter case, upon a review of the adjudications upon this subject, Mr. Justice Miller says, "the examination of the cases already decided by this Court, establishes clearly the following propositions:

1. The admiralty jurisdiction to which the power of the Federal Judiciary is by the Constitution declared to extend, is not limited to tide water, but covers the entire navigable waters of the United States..

2. The original jurisdiction in admiralty exercised by the District Courts by virtue of the act of 1789 is exclusive not only of the other Federal courts, but of the State courts also.

3. The jurisdiction of admiralty causes arising on the interior waters of the United States, other than the lakes and their connecting waters, is conferred by the act of September, 24, 1789."

In both of the cases cited a construction was put upon the clause of the 9th section of the act of 1789, which "saves to suitors in all cases the right of a common law remedy where the common law is competent to give it." In *The Moses Taylor, p.* 427, Mr. Justice Field, in delivering the opinion of the Court, says, " The action against the steamer by name authorized by the statute of California, is a proceeding in the nature and with the incidents of a suit in admiralty. The distinguishing and characteristic feature of such suit is, that the vessel or thing proceeded against is itself seized and impleaded as the defendant, and is judged and sentenced accordingly * * * By the common law process whether of mesne, attachment or execution, property is reached only through a personal defendant. " And again on page 431, " It is not a remedy in the common law courts which is saved, but a common law remedy. A proceeding *in rem* as used in the admiralty courts is not a remedy afforded by the

common law; it is a proceeding under the civil law." In *Ad. Hine vs. Trevor, page* 571, Mr. Justice Miller takes substantially the same ground, and also points out the distinction between the admiralty remedy, *in rem,* and a proceeding against an owner with attachment of his vessel. These doctrines manifestly apply to the case at bar, notwithstanding the facts show that the contract, in this instance, was made in this State, and was to be wholly performed in this State, upon a river flowing from its source to its mouth, entirely within the boundaries of this State. *See also the Propeller Commerce,* 1 *Black.,* 578; *The Flash,* 1 *Ab. Adm. R.* 67. It follows that this action must be dismissed for want of jurisdiction. Ordered accordingly.