W. H. NICHOLS v. THE BOARD OF COUNCILMEN OF EDENTON.

(Decided October 10, 1899.)

*Amendment of Town Charter—Compensation of Town Officers.*

1. Amendment to a statute operates from its enactment, leaving in force the portions which are not altered. Code, sec. 3766.
2. The Act of 1869–'70, incorporating the town of Edenton, provides for its government by a Board of Commissioners, allowing to each of them $25 per annum. The amendatory Act of 1876–'77 provides for the government of the town by the Mayor and six Councilmen, known as "The Board of Councilmen of Edenton," making no mention of compensation, but the duties, functions and powers of the Councilmen are the same as those exercised by the Board of Commissioners: *Held*, that the Councilmen are entitled, by right, to the same pay allowed the Commissioners.

CIVIL ACTION, originating in the Justice's Court of CHOWAN County, and carried by appeal to the Superior Court and heard before *Bowman, J.,* at Spring Term, 1899, a jury trial being waived.

The plaintiff was elected, in May, 1897, one of the Councilmen of Edenton for a term of two years, qualified and served, and claims $37.50 for his services—it was conceded that he was entitled to that amount, if he was entitled to any pay at all, which the defendant denies. Upon the facts found by his Honor, judgment was rendered for the plaintiff, and the defendant appealed.

The facts found are stated in the opinion.

*Mr. W. M. Bond,* for defendant (appellant).
*Mr. W. J. Leary,* for plaintiff.

FAIRCLOTH, C. J., renders the opinion of the Court.
CLARK, J., renders dissenting opinion.

FAIRCLOTH, C. J.   Action for $37.50, the salary of plaintiff as one of the Board of Councilmen of defendant.   This amount is conceded, if plaintiff is entitled to recover.   The facts found are as follows:

By a Private Act 1869-'70, chap. 123, the defendant town was regulated and governed by a Board of Commissioners, and by sec. 37, "Each one of the Commissioners of the town of Edenton shall receive $25 per annum, and they shall be required to fix the salaries of the other town officers not otherwise provided for in this act."   This charter was amended by Act 1876-'77, chap. 88, and provided that the affairs of the town should be controlled by the Mayor and six Councilmen, known as "The Board of Councilmen of Edenton", and that all laws and parts of laws in conflict with this act are repealed.   The amendment makes no mention of compensation to the Councilmen.   It is found as a fact that the duties, functions and powers of the Councilmen are the same as those exercised by the Board of Commissioners, and that the plaintiff was duly inducted into his office and has faithfully discharged its duties.   Judgment was rendered for plaintiff and defendant appealed.   The defendant's fallacy is in assuming that the Act of 1869-'70, chap. 123, was repealed by the Act of 1876-'77, chap. 88.   The latter does not purport to repeal the former, but expressly to amend it.   In such cases the unrepealed parts remain in force as if re-enacted.   Code, sec. 3766.

It follows that the officer performing the duties, etc., of the Commissioners, by whatever name known, is entitled to the benefits of sec. 37 of the original act.   This is his *right* and the Board of Councilmen are powerless to divest him of it by any resolution.

Affirmed.

CLARK, J., dissenting.   The charter of 1869-'70 (Private Laws, chap. 123) provided for five Commissioners elected each year by the whole town, with sundry specified powers, rights and incidents annexed peculiar to the office; among them that if any Commissioner should be sick or absent from town any Justice of the Peace might act in his place, and alotting a salary of $25 per annum to each of the five Commissioners.

The Act of 1876-'77 (Private Laws, chap. 88) enlarged and reorganized the town into wards and provided that "The municipal affairs of the town of Edenton shall be, controlled by a Mayor and six Councilmen who shall be known as the Board of Councilmen of Edenton," and provided for their election, two by each ward, and for terms of two years, with a provision repealing all laws in conflict with the new act. The Board of Councilmen elected in May, 1897, passed a resolution that no salary should be allowed themselves.   In January, 1899, the plaintiff brought this action for 18 months salary at $25 per·year.

When the Act of 1876-'77 reorganized the town providing that its government should be by six Councilmen elected by wards for two years, and repealed all laws in conflict therewith, this was a complete abolition and annihilation of the offices of the five Commissioners elected for the term of one year, by the whole town, and with this abolition all the powers, rights and incidents annexed to the abolished office ceased. "Councilman" is not a continuation of the office of "Commissioner" with the peculiar or special incidents annexed to the latter, and was not made such by a provision that the former should continue in office till the new officers qualified. Whatever rights and incidents the two offices have in common are due to the nature of the office and are simply incidents annexed to such positions by common law and the general

statute, 2 Code, chap. 62, "Towns and Cities." In claiming the salary of $25 the plaintiff is claiming a right not given to his Board by the general law or any special statute, but a peculiar incident annexed to an office which was abolished twenty years before he was elected. It is true the Act of 1876-'77 is an amendment of the Act of 1869-'70, but within its scope it is a complete repeal of the first act.

All the cases from *Hoke v. Henderson,* down to the present, hold that the Legislature can abolish any office created by the Legislature.

In *Day's* case, 124 N. C., 362, it is true it was held that when an office was abolished, if the same duties, though divided up, were devolved upon other persons, the incumbent of the abolished office was entitled to continue to draw the salary and discharge his former duties, notwithstanding the expression of the legislative will to the contrary. But here, the plaintiff, one of a board of six "Councilmen" elected for a term of two years, and by an entirely different constituency, claims that he is entitled to draw the salary of one of a board of five "Commissioners" which office he never filled, an office elective by the whole town for the term of one year, and which was abolished twenty years before the plaintiff was elected.

He claims the salary on the ground that he is discharging substantially the same duties. Inasmuch as scarcely any office can be abolished whose duties will not devolve upon, or be discharged by, some one else, if not only the incumbent of the abolished office but all those discharging similar duties shall be entitled, even after the lapse of 20 years, to the salary of the abolished office, the powers of the Legislature will be much restricted in the direction of effecting any retrenchment and reform in the public service. A salary will be well nigh indestructible and immortal. The charge

ICE MANUFACTURING Co. *v.* R. R. Co.

upon the public treasury once created will abide with us and stick to us like another shirt of Nessus, and future generations will be born that they may continue to pay it. Different is the title of this office, the number of its occupants, the term of its duration, the constituency by which it is filled, but, Proteus-like, whatever form it may take, it is the same office, and one elected 20 years or a remoter period after the Legislature decrees its destruction, may claim its salary because of the similarity of the duties!

> " You may break, you may shatter. the vase if you will,
> But the scent of the roses will cling around it still."