The plaintiff was elected, in May, 1897, one of the councilmen of Edenton for a term of two years, qualified and served, and claims $37.50 for his services. It was conceded that he was entitled to that amount, if he was entitled to any pay at all, which the defendant denies. Upon *Page 10 
the facts found by his Honor, judgment was rendered for the plaintiff, and the defendant appealed.
The facts found are stated in the opinion.
FAIRCLOTH, C. J., renders the opinion of the Court.
CLARK, J., renders dissenting opinion.
Action for $37.50, the salary of plaintiff as one of the board of councilmen of defendant. This amount is conceded, if plaintiff is entitled to recover. The facts found are as follows:
By a private act, 1869-70, ch. 123, the defendant town was regulated and governed by a board of commissioners, and by sec. 37, "Each one of the commissioners of the town of Edenton shall receive $25 per annum, and they shall be required to fix the salaries of the other town officers not otherwise provided for in this act." This charter was amended by act 1876-77, ch. 88, and provided that the affairs of the town should be controlled by the mayor and six councilmen, known as "The Board of Councilmen of Edenton," and that all laws and parts of laws in conflict with this act are repealed. The amendment makes no mention of compensation of the councilmen. It is found as a fact that the duties, functions and powers of the councilmen are the same as those exercised by the board of commissioners, and that the plaintiff was duly inducted into his office and has faithfully discharged its duties. Judgment was rendered for plaintiff and defendant appealed. The defendant's fallacy is in assuming that the act of 1869-70, ch. 123, was repealed by the act of 1876-77, ch. 88. The latter does not purport to repeal the former, but expressly to amend it. In such cases the unrepealed parts remain in force as if reenacted. Code, sec. 3766.
It follows that the officer performing the duties, etc., of the commissioners, by whatever name known, is entitled to the benefits of sec. 37 of the original act. This is his right and the board of councilmen are powerless to divest him of it by any resolution.
Affirmed.