## STATE v. JOHN W. MOON.

(Filed 5 November, 1919.)

1. **Statutes—Amendments—Effect.**

   The effect of an amendment to a statute is to incorporate the old statute into the amendment with the same effect as if the amendment had been a part of the old statute when the latter was enacted.

2. **Bigamy—Criminal Law—Statutes—Courts—Jurisdiction—Bigamous Co-habitation—Constitutional Law.**

   The amendment to Rev., 3361, ch. 26, Public Laws 1913, making it a felony and punishable as in cases of bigamy, for a married person to marry again, in another State, which would have been bigamous if contracted here, and "thereafter cohabit with such person in this State," does not attempt to confer extra territorial jurisdiction upon our own courts, the offense for which the person is tried, being one committed here.

3. **Bigamy—Criminal Law—Statutes—Trials—Place Offense Was Committed —Venue—Bigamous Cohabitation.**

   A plea in abatement upon the ground that Rev., 3361, as amended by ch. 26, Public Laws 1913, makes the offense of bigamy and not the offense of bigamous cohabitation triable in the county in which the offender should be apprehended, is bad.

INDICTMENT, tried before *Lane, J.,* at June Term, 1919, of GUILFORD. The defendant was convicted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*T. G. Gold and L. B. Williams for defendant.*

BROWN, J. Defendant was convicted at the June Term, 1919, of Guilford County Superior Court, of bigamous cohabitation, under Rev., 3361, as amended by chapter 26, Public Laws 1913. That section, as amended, reads as follows, so far as material:

"*Bigamy.* If any person, being married, shall marry any other person during the life of the former husband or wife, every such offender, and every person counseling, aiding, or abetting such offender, shall be

guilty of a felony, and shall be imprisoned in the State's prison or county jail for any term not less than four months nor more than ten years. Any such offense may be dealt with, tried, determined, and punished in the county where the offender shall be apprehended, or be in custody, as if the offense had been actually committed in that county. If any person, being married, shall contract a marriage with any other person outside of this State, which marriage would be punishable as bigamous if contracted within this State, and shall thereafter cohabit with such person in this State, he shall be guilty of a felony and shall be punished as in cases of bigamy."

The defendant filed a plea in abatement upon the ground that the bigamous cohabitation took place in Buncombe County, and not in Guilford. Defendant contends that the part of section 3361 which permits the defendant to be tried in the county in which he is apprehended, applies only to the offense of the bigamy itself, and not to the offense of bigamous cohabitation.

The following is the wording of chapter 26, Public Laws 1913, which is the amending statute:

"That section three thousand three hundred and sixty-one of the Revisal of one thousand nine hundred and five be, and the same is hereby, amended by striking out the words 'whether the second marriage shall have taken place in the State of North Carolina or elsewhere,' in lines two, three, and four thereof, and by inserting in line ten, between the words 'county' and 'providing,' the following: 'If any person being married shall contract a marriage with any other person outside of this State, which marriage would be punishable as bigamous if contracted within this State, and shall thereafter cohabit with such person in this State, he shall be guilty of a felony and punishable as in cases of bigamy.'"

The legal effect of the amendment is the reënactment of the old statute with the amendment incorporated in it, and the amendment, from its adoption, has the same effect as if it had been a part of the statute when first enacted. *Nichols v. Board,* 125 N. C., 13. The plea in abatement was properly overruled. It is further contended that the amendment of 1913 is unconstitutional inasmuch as its effect is to punish the defendant for a crime committed outside of the territorial limits of the State. This contention cannot be sustained. It is an offense committed in North Carolina called bigamous cohabitation. Similar statutes have been enacted in the States of Alabama, Iowa, Massachusetts, Minnesota, Missouri, Tennessee, and Vermont, and in each of these States they have been sustained.

In Alabama, *Cox v. State,* 117 Ala., 103; 67 Am. S. R., 166; 41 L. R. A., 760.

In Iowa, *S. v. Steupper,* 117 Iowa, 591; *S. v. Sloan,* 55 *ib.,* 217.

In Massachusetts, *Com. v. Bradley,* 2 Cush., 553.

In Minnesota, *S. v. Johnson,* 12 Minn., 467; 93 Am. D., 241.

In Missouri, *S. v. Stewart,* 194 Mo., 345; 5 Ann. Cas., 963.

In Tennessee, *Kenneval v. State,* 107 Tenn., 581.

In Vermont, *S. v. Palmer,* 18 Vt., 570.

In *S. v. Ray,* 151 N. C., 714, *Judge Hoke* says: "As now advised, and speaking for himself, the writer sees no reason why a State should not declare the coming into the State and cohabitating together here by a party, after a bigamous marriage in another State, a felony, and punish it as such."

No error.