## C. M. SOLES, ADMR., v. ATLANTIC COAST LINE RAILROAD COMPANY.

### (Filed 5 November, 1924.)

APPEAL by defendant from *Calvert, J.,* at February Term, 1924, of COLUMBUS.

Civil action, to recover damages for an alleged negligent injury, caused by defendant's wrongful act, and resulting in the death of plaintiff's intestate.

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered by them in favor of the plaintiff. Defendant appeals, assigning errors.

*H. L. Lyon and Tucker & Proctor for plaintiff.*
*Rountree & Carr for defendant.*

PER CURIAM. This case was before us at a former term (184 N. C., 283). The first appeal was from a judgment of nonsuit, entered on motion of the defendant at the close of plaintiff's evidence, and this was reversed by us. We are not now permitted to review any question which was then decided, as a party who loses in this Court may not have his case reheard by a second appeal. *Holland v. R. R.*, 143 N. C., 435. Where a judgment of nonsuit has been reversed, and on a second trial the plaintiff's evidence is substantially the same as it was on the first hearing, the cause should be submitted to the jury, as the former decision has become the law of the case, so far as the question of nonsuit is concerned. *Ray v. Veneer Co., ante,* 414.

The exceptions relating to the question of assumption of risk are not materially different from those presented in *Cobia v. R. R., ante,* 487, and they are controlled by what is said in that case. It would only be a work of supererogation to repeat here what was said there. See, also, *Reed v. Director-General,* 258 U. S., 92.

We have found no reversible error on the record, and hence the validity of the trial must be sustained.

No error.