ELVIRA FUQUAY, ADMINISTRATRIX, v. A. AND W. RAILWAY COMPANY.

(Filed 1 October, 1930.)

**1. Judgments L a—Nonsuit in action against railroad under Federal Act does not bar subsequent action on same evidence brought under State law.**

A judgment as of nonsuit upon the merits of an action brought by the administratrix of an injured employee of a railroad company under the Federal Employers' Liability Act will not operate as a bar to the same cause brought under the laws of this State, C. S., 3466, 3467, the law and facts applicable to the first not being identical with those applicable to the second.

**2. Abatement and Revival C a—Action for negligent injury not causing death survives to personal representative of injured person.**

The fact that the injury in suit did not cause the death of the injured party, but that death resulted from another cause does not now prevent the survival of the action under the amendment of Public Laws 1915, ch. 58, C. S., 159, 162, 461, 462.

APPEAL by plaintiff from *Devin, J.,* at July Term, 1930, of LEE. Reversed.

*K. R. Hoyle and A. A. McDonald for plaintiff.*
*Williams & Williams for defendant.*

CLARKSON, J. The original complaint, filed 4 August, 1928, contained the following: "First, That plaintiff is a resident of Harnett County, North Carolina, and defendant is a railroad corporation engaged in *interstate commerce.* Second, That on or about 29 January, 1928, while in the employment of the defendant and engaged in the line of such employment in loading cross-ties on a flat car at Lillington, N. C.," etc.

After the dismissal or nonsuit of the original action, at April Term, 1929, Harnett Superior Court, a new action was instituted and a new complaint filed 15 July, 1929. It contains the following: "First, That plaintiff is a resident of Harnett County, North Carolina, and defendant is a railroad corporation engaged in *intrastate commerce,* as a common carrier, operating a line of railroad from Sanford, N. C., to Lillington, N. C. Second, That on or about 29 January, 1928, while in the employment of the defendant as section hand and engaged in the line of such employment of loading cross-ties," etc.

The first action by plaintiff was interstate and brought under the Federal Employers' Liability Act. This action, after the evidence was introduced, was on motion of defendant dismissed, or judgment rendered as in case of nonsuit. C. S., 567. The plaintiff brings the present action intrastate. C. S., 3466 and 3467. Is *res judicata* applicable? We think not. It was so held in the court below, but we think this was error.

In *Hampton v. Spinning Co.,* 198 N. C., at p. 240, it was said: "But, if upon the trial of the new action, upon its merits, in either event, it appears to the trial court, and is found by such court as a fact, that the second suit is based upon substantially identical allegation and substantially identical evidence, and that the merits of the second cause are identically the same, thereupon the trial court should hold that the judgment in the first action was a bar or *res adjudicata,* and thus end that particular litigation." *Midkiff v. Insurance Co.,* 198 N. C., 569; *Chappel v. Ebert,* 198 N. C., 575; *Ingle v. Green, ante,* 149.

Actions interstate, under the Federal Employers' Liability Act, and actions intrastate, under the State statutes, are not identical.

It is said in *Capps v. R. R.,* 183 N. C., at p. 187: "A change from one to the other not only invoked a change from fact to fact—from interstate to intrastate commerce—but also a change from law to law—from the Federal to the State statute. *Union Pac. R. Co. v. Wyler,* 158 U. S., 285. Thus the amendment filed in the original proceeding, alleged a new and independent cause of action, and was therefore a departure from the initial pleading. 'A departure may be either in the substance of the action or defense, or the law on which it is founded; as if a declaration be founded on the common law, and the replication attempt to maintain it by a special custom, or act of Parliament.' 1 Chitty on Pleading, pp. 674, 675." The case of *Wabash R. Co. v. Hayes,* 234 U. S., 86, 58 Law Ed., 1227, is distinguishable.

There seems to be additional specifications of negligence in the new complaint, and sufficient to be submitted to a jury. We will not discuss them, as the case goes back for trial.

John Fuquay, since the actions were commenced, has died, and the plaintiff has been appointed administratrix and contends that the cause of action survived to her as administratrix. The injuries sued for in this action did not cause plaintiff's intestate's death. We think the contention of the administratrix is now the law in this jurisdiction. See C. S., 159, 162, 461, 462. Under section 157, Revisal, actions which do not survive are the following: "(2) Causes of action for false imprisonment, assault and battery, or other injuries to the person, where such injury does not cause the death of the injured party."

We find in the Public Laws of 1915, ch. 38, the following: "That subsection two of section one hundred and fifty-seven of the·Revisal of one thousand nine hundred and five, be amended by inserting the word 'and' between the words 'imprisonment' and 'assault' in line one of the same, and by striking out all of said subsection after the word 'battery' in said line one." Thus, the following is stricken from the Revisal: "Or other injuries to the person, where such injury does not cause the death of the injured party." So the present action survives in favor of plaintiff.

For the reasons given, the judgment of the court below is

Reversed.