ELVIRA FUQUAY, ADMINISTRATRIX OF JOHN FUQUAY, DECEASED, v. AT-
LANTIC AND WESTERN RAILROAD COMPANY.

(Filed 4 November, 1931.)

**Appeal and Error L c—Held: Supreme Court passed upon sufficiency of evidence on former appeal and will not again pass on this question.**

Where, upon an appeal by the plaintiff from a judgment sustaining a demurrer on the ground that the plaintiff was estopped from bringing the action, the Supreme Court reverses the judgment, and upon the defendant's request, also passes upon the sufficiency of the evidence to sustain the cause of action, and holds the evidence sufficient, upon a subsequent appeal by the defendant the Court will not again consider the question of the sufficiency of the evidence, the question having been decided upon the former appeal.

APPEAL by defendant from *Lyon, Emergency Judge,* at January Term, 1931, of LEE. No error.

This is an action to recover damages resulting from personal injuries sustained by plaintiff's intestate while he was at work as an employee of the defendant.

On 28 January, 1929, John Fuquay, plaintiff's intestate, and Ellis Nordan, both employees of the defendant, were loading cross-ties on a flat car standing on defendant's tracks near the town of Lillington, N. C. They were using certain appliances furnished them by the defendant to enable them to load the cross-ties on the car, known as "ramps." As they were loading a crooked cross-tie on the flat car by means of the "ramps," the cross-tie suddenly turned and struck plaintiff's intestate, inflicting on his person serious and permanent injuries. As the result of these injuries, plaintiff's intestate suffered damages.

It is alleged in the complaint that the "ramps" furnished by defendant and used by plaintiff's intestate and his fellow-employee in loading the cross-ties on the flat car, were defective; that defendant was negligent in furnishing to plaintiff's intestate, to enable him and his fellow-employee to load the cross-ties on the flat car, defective "ramps," and that this negligence was the proximate cause of the injury sustained by plaintiff's intestate. This allegation was denied in the answer filed by the defendant.

The issues involving defendant's liability to plaintiff were answered by the jury in accordance with the contentions of the plaintiff.

From judgment that plaintiff recover of the defendant the sum of $1,500, the damages assessed by the jury, the defendant appealed to the Supreme Court.

*A. A. McDonald and K. R. Hoyle for plaintiff.*
*Williams & Williams for defendant.*

CONNOR, J. This action was first tried at July Term, 1930, of the Superior Court of Lee County. From the judgment at this trial, dismissing the action as of nonsuit, plaintiff appealed to this Court. The appeal was heard at Fall Term, 1930, when the judgment was reversed, and the action remanded to the Superior Court for a new trial. *Fuquay v. R. R.,* 199 N. C., 499. The question presented on said appeal was whether there was error in the judgment dismissing the action, as of nonsuit, on the ground that plaintiff was estopped from maintaining this action, as contended by defendant. We held that there was error in dismissing the action on that ground. The defendant contended that even if there was error in dismissing the judgment on the ground that plaintiff was estopped from maintaining the action, this error was not prejudicial for the reason that the evidence offered at the trial was not sufficient to sustain the allegation of the complaint with respect to actionable negligence on the part of the defendant. At the request of the defendant, we considered this contention, and held that it could not be sustained. For this reason we remanded the action for a new trial. Manifestly, if the contention had been sustained, notwithstanding the error in the judgment dismissing the action on the ground that plaintiff was estopped, we would not have remanded the action for a new trial, but would have affirmed the judgment of nonsuit.

The evidence at the trial at January Term, 1931, as appears from the record in this appeal, is identical with the evidence at the trial at July Term, 1930. The only question presented on this appeal from the judgment at January Term, 1931, is whether the evidence at said

trial was sufficient to sustain the allegations of the complaint with respect to the liability of defendant. The question was answered, at the request of the defendant, on the former appeal, and will not be considered on this appeal. *Soles v. R. R.*, 188 N. C., 825, 125 S. E., 24.

An examination of the evidence, however, seems to sustain the action of the trial court in refusing to allow defendant's motion for judgment as of nonsuit. The judgment is affirmed.

No error.