D. A. S. HOKE, ANCILLARY ADMINISTRATOR OF THE ESTATE OF MARY GAY MOORES SHARPE, v. ATLANTIC GREYHOUND CORPORATION, YATES CLYDE FARRIS AND GEORGE W. SHARPE.

(Filed 8 May, 1946.)

**1. Common Law § 1: Abatement and Revival §§ 11, 12—**

So much of the common law as has not been repealed or abrogated by statute is in full force and effect in this State, G. S., 4-1; and since at common law, causes of action for wrongful injury, whether resulting in death or not, did not survive the injured party, the survival of such actions is solely by virtue of statute.

**2. Abatement and Revival § 12—**

Public Laws of 1915, ch. 38, which amended the survival statutes (now G. S., 28-172, and G. S., 28-175) by striking out the words "or other injuries to the person, where such injury does not cause death of the injured party" from the exceptions to the causes of action which survive, has the effect of prescribing that causes of action for wrongful injury do survive the death of the injured party. The history of the survival statutes in relation to the wrongful death statutes set forth by *Mr. Justice Winborne.*

**3. Statutes § 5f—**

The legal effect of an amendment is the re-enactment of the old statute with the amendment incorporated in it, and the amendment, from its adoption, has the same effect as if it had been a part of the statute when first enacted.

**4. Death § 4—**

The wrongful death statutes, G. S., 28-173; G. S., 28-174, confer a new right of action with damages limited to fair and just compensation for the

pecuniary injury resulting from death, recoverable by the personal representative for the benefit of the next of kin.

**5. Death § 3: Executors and Administrators § 5: Abatement and Revival §§ 11, 12—**

Where a person injured by the negligence of another, lives for a period of time (in the instant case 31 days), but thereafter dies as a result of the injuries, his personal representative may recover (1) as an asset of the estate those damages sustained by the injured person during his lifetime, and (2) for the benefit of the next of kin the pecuniary injury resulting from death, the amounts recoverable being determinable upon separate issues without overlapping.

**6. Damages § 13b—**

Recovery for pain and suffering and for hospital and medical expenses, consequent to wrongful injury, relate to a single cause of action and should be submitted upon a single issue of damages.

APPEAL by plaintiff from *Hamilton, Special Judge,* at February Extra Term, 1946, of MECKLENBURG.

Civil action to recover damages resulting from alleged actionable negligence of defendants. The plaintiff, in his complaint, sets forth three separate causes of action allegedly proximately resulting from the same acts of negligence of defendants: The first cause of action is to recover damages for wrongful death of intestate; the second, to recover damages for pain and suffering sustained by intestate during thirty-one days between date of her injury and date of her death; and the third, to recover for expenses incurred for medical and hospital attention during said time between date of her injury and date of her death.

Defendant, George W. Sharpe, moved to strike "all the so-called second cause of action" and "all the so-called third cause of action," and corresponding prayers for relief, as "irrelevant and redundant" and "prejudicial and harmful to this defendant," and also for that it appears upon the face of the complaint that plaintiff's intestate died as a result of the injuries alleged and that plaintiff is suing for damages for wrongful death; and hence may not maintain the so-called second and third causes of action for that they do not survive the plaintiff's intestate, and for that upon the allegations in the alleged first cause of action plaintiff's sole and exclusive remedy is an action for wrongful death.

When the cause came on for hearing in Superior Court, upon the foregoing motion of defendant, George W. Sharpe—the motion being by agreement treated as a demurrer to, as well as a motion to strike; the second and third causes of action, the court sustained the demurrer and allowed the motion to strike, and entered order in accordance with such ruling.

Plaintiff appeals therefrom to Supreme Court and assigns error.

*McDougle, Ervin & Fairley for plaintiff, appellant.*
*Goebel Porter and Frank H. Kennedy for defendant, appellee.*

WINBORNE, J.  This appeal presents for decision this basic question: Where a person is injured by the negligence of another, and, after time has elapsed, dies as a result of such injuries, does a cause of action for consequential damages sustained by the injured person between the date of the injury and the date of his death survive to the personal representative of such deceased person?

The answer to this question depends on the legal effect the 1915 amendment, Public Laws 1915, chapter 38, had upon the survival statutes, then sections 156 and 157 of The Revisal of 1905, now G. S., 28-172, and G. S., 28-175, considered in connection with the wrongful death statutes, G. S., 28-173, and G. S., 28-174.

While the Circuit Court of Appeals, Fourth Circuit, in the case of *James Baird Co. v. Boyd,* 41 F. (2d), 578, in a similar case to that stated above, has given an affirmative answer, and while in this Court in the case of *Fuquay v. R. R.,* 199 N. C., 499, 155 S. E., 167, there is *obiter dicta* of similar import, the question, in the light of the existing statutes, has not been the subject of decision by this Court.

It is appropriate, therefore, to review the history of the statutes involved.

At common law a person injured by the negligence of another had a right of action to recover consequential damages.  But at common law such right of action did not survive the death of the injured person, that is, it died with the person; and if the injured person died as a result of the wrongful act of another, there was at common law no right of action for such death.  And so much of the common law as has not been repealed or abrogated by statute is in full force and effect in this jurisdiction.  G. S., 4-1.  Hence, if the right of action for recovery of damages for wrongful injury, whether resulting in death or not, survives the death of the injured person, it must do so purely by statutory power.  In order, therefore, to provide a remedy for death caused by wrongful act the General Assembly of this State in 1854 passed the first act, patterned after the Lord Campbell's Act, 9 and 10 Victoria, to give a right of action in certain cases where death was by neglect, default or wrongful act.  Laws of 1854-5, chapter 39.  And later the General Assembly, at its 1868-9 session, enacted the survival statutes and a redraft of the wrongful death statutes, as parts of the same act, entitled "An act concerning the settlement of the estates of deceased persons," relating more particularly to the "general powers and duties of executors, administrators and collectors, and actions by and against them."  Public Laws 1868-9, chapter 113, sub-chapter VII.

Sections 63 and 64 of this Act of 1868-9 related specifically to survival of rights of action. Section 63, which was entitled "Rights in action survive to and against personal representative," read as follows: "Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor or against such person, except as hereinafter provided, shall survive to and against the executor, administrator or collector of his estate." This section became in almost identical words section 1490 of The Code of 1883, and has remained unchanged, and been brought forward in subsequent codifications as Revisal, section 156, C. S., 159, and now as G. S., 28-172. Section 64, which was entitled "Exceptions: Rights which die with the persons," read as follows: "The following rights in action do not survive," among others, "2. Causes of action for false imprisonment, assault and battery, or other injuries to the person where such injury does not cause the death of the injured party." This quoted portion of the section almost *verbatim* became subsection "2" of section 1491 of the Code of 1883, and then Revisal subsection 2 of section 157. Thus it is seen that section 63 provided for survival of "all demands whatsoever and rights to prosecute or defend any action" existing in favor of a person who has died, and section 64 enumerated the rights of action which were excepted from the all-inclusive provisions of section 63. And the General Assembly of 1915 amended this subsection "2" of section 157 of the Revisal, by striking from the enumerated exceptions the clause "or other injuries to the person where such injury does not cause the death of the injured party." Public Laws 1915, chapter 38. As so amended this subsection was made to relate only to "causes of action for false imprisonment and assault and battery," and later became C. S., 162 (2), and is now G. S., 28-175 (2).

On the other hand, sections 70, 71 and 72 of the 1868-9 Act related specifically to actions for wrongful death. Section 70, which was entitled, "Action for wrongful act or neglect causing death," read as follows: "Whenever the death of a person is caused by a wrongful act, neglect, or default of another, such as would, if the injured party had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their executors, administrators, collectors or successors, shall be liable to an action for damages, to be brought within one year after such death, by the executor, administrator or collector of the decedent; and this notwithstanding the death, and although the wrongful act, neglect or default, causing the death, amount in law to a felony." Section 71, which was entitled "Measure of Damages," read as follows: "The plaintiff in such action may recover such damages as are a fair and just compensation for the pecuniary injury resulting from such death." And section 72, which

was entitled, "How Recovery to Be Applied," read as follows: "The amount recovered in such action is not liable to be applied as assets, in the payment of debts or legacies, but shall be disposed of as provided in this act for the distribution of personal property in case of intestacy." These sections 70, 71 and 72 became in exact wording sections 1498, 1499 and 1500, respectively, of the Code of 1883. But in the Revisal of 1905, sections 70 and 72, combined, became section 59, and later, with amendment not material here, became C. S., 160 (2), and now, with amendment as to payment of funeral expenses, is the present G. S., 28-173 (2). And section 71, as Code section 1499, became section 60 of the Revisal of 1905, later C. S., 161, and now G. S., 28-174. Thus it is seen that by these sections the General Assembly created a right of action for wrongful death, specified the measure of damages therefor, exempted the recovery from debts of decedent and provided for distribution of amount recovered to and among next of kin of decedent.

This Court, in interpreting the provisions of sections 63 and 64 of the original act, unaffected by the 1915 amendment, has uniformly held that the clause in subsection 2 of section 64 of the act of 1868-9, brought forward in succeeding codifications as above shown, reading "or other injuries to the person where such injury does not cause the death of the injured party" excepted from the provisions for survival of actions contained in section 63 all causes of action for personal injuries, irrespective of whether the death was caused or was not caused by the wrongful injury. That is, that the right to recover for personal injuries belonged to the injured person, and terminated at his death. In *Bolick v. R. R.*, 138 N. C., 370, 50 S. E., 689, it was held that the clause "where such injury does not cause the death of the injured party" means simply "unless such injury shall cause" the death of the injured party—the Court saying: "We understand the words in Code section 1491 (2), providing for the abatement of actions for injuries to the person, 'where such injuries do not cause the death of the injured party,' not as a provision by implication that such actions survive, but as a recognition that (under The Code, sec. 1498) (now G. S., 28-172) in case of the death of the injured person from such injuries an action is now expressly given by statute."

Therefore, when the General Assembly of 1915 by amendment struck from subsection 2 of section 64 of the original act, then Revisal 157 (2), the clause reading "or other injuries to the person, where such injury does not cause the death of the injured party," rights of action for injuries to the person were eliminated from those rights of action which do not survive, and which were excepted from the provisions of section 63 of the original act. The legal effect of the amendment is to reduce the causes of action excepted from the provisions of section 63, and to include

within its provisions rights to prosecute or defend any action existing in favor of or against a person, since deceased, for injuries to the person. This is in accordance with this principle of law: "The legal effect of an amendment is the reenactment of the old statute with the amendment incorporated in it, and the amendment, from its adoption, has the same effect as if it had been a part of the statute when first enacted." *S. v. Moon,* 178 N. C., 715, 100 S. E., 614, citing *Nichols v. Edenton,* 125 N. C., 13, 34 S. E., 71. Thus, if the clause that causes of action for "other injuries of the person where the injury does not cause the death of the injured party" had not been included among the exceptions to the causes of action that do survive, it seems to us that there would be no doubt as to the intention of the General Assembly that causes of action for personal injury should survive. And since at a subsequent session the General Assembly has by positive action stricken out the exception, the manifest legislative intent is no less clear.

Furthermore, this Court has uniformly held that the wrongful death statutes confer a new right of action, which did not exist before, and which at death of injured person accrued to the personal representative of the decedent for the benefit of a specific class of beneficiaries. And the Court has uniformly applied the rule for admeasurement of damages as is prescribed by the General Assembly, that is, "such damages as are a fair and just compensation for the pecuniary injury resulting from such death." See *Carpenter v. Power Co.,* 191 N. C., 130, 131 S. E., 400, and cases cited, and numerous other cases.

On the other hand, the right of an injured person to sue for personal injuries of any kind is entirely separate and distinct from the right of his personal representative to sue under authority of the wrongful death statute. And any damage sustained by such person during his lifetime are personal to him, and, if proximately caused by wrongful act of another, could be recovered by him. Hence, upon his death, if the right of action therefor survives, the recovery would be an asset of his estate, to be administered as any other personal property owned and possessed by him at his death.

Moreover, while both the right of action for the recovery of consequential damages sustained between date of injury and date of death, and the right of action to recover damages resulting from such death have as basis the same wrongful act, there is no overlapping of amounts recoverable. But such consequential damages as flow from the wrongful act would be recoverable—by the personal representative—those sustained by the injured party during his lifetime, for benefit of his estate, and those resulting from his death, for benefit of his next of kin—determinable upon separate issues.

However, in the present case it would seem that the second and third causes of action while stated separately are in reality but one, and that such damages as are alleged would properly be submitted upon a single issue of damages.

For reasons appearing hereinabove, the order of the court below in sustaining demurrer to, and striking out second and third causes of action is

Reversed.