HAZEL G. McGOWEN, EXECUTRIX OF THE ESTATE OF FREDERICK McGOWEN, PLAINTIFF v. RENTAL TOOL COMPANY AND D. G. HUDSON AGENCY, INC., A DISSOLVED AND LIQUIDATED CORPORATION, D/B/A TRYON GAS COMPANY, DEFENDANTS

No. 924SC337

(Filed 20 April 1993)

Contracts § 10 (NCI4th); Abatement, Survival, and Revival of Actions § 16 (NCI4th) — personal injury action — settlement offer — death of plaintiff before acceptance — offer not revoked by death or withdrawn by defendant — acceptance by substitute plaintiff proper — defendant's compliance properly compelled

    The 26 August 1991 settlement offer made by defendant was not revoked by operation of law upon the death of the

McGOWEN v. RENTAL TOOL CO.

[109 N.C. App. 688 (1993)]

original plaintiff on 28 August 1991 of natural causes unrelated to the personal injuries for which the suit was brought, nor was the offer withdrawn by defendant upon learning of the original plaintiff's death or of the substitution of his wife as plaintiff; therefore, the substitute plaintiff could properly accept the outstanding offer on 14 October 1991 by and through her attorney, and the trial court therefore properly compelled defendant to comply with the agreed upon settlement.

**Am Jur 2d, Contracts §§ 31 et seq.**

Appeal by defendant from order entered 3 February 1992 by Judge James R. Strickland in Onslow County Superior Court. Heard in the Court of Appeals 9 March 1993.

*Ellis, Hooper, Warlick, Morgan & Henry, by William J. Morgan, for plaintiff-appellee.*

*Stith and Stith, P. A., by F. Blackwell Stith and Susan H. McIntyre, for defendant-appellant.*

JOHNSON, Judge.

The original plaintiff, Frederick McGowen, now deceased, filed a civil action against the defendants Rental Tool Company and D. G. Hudson Agency, Inc., a dissolved and liquidated corporation, d/b/a Tryon Gas Company, on 3 October 1989, seeking damages for personal injuries arising out of a fall from a scaffolding, which occurred on 16 October 1986.

Defendants, through their attorney, made a verbal offer of settlement totaling $63,000 to plaintiff's attorney on 26 August 1991. Defendant Rental Tool Company was to pay $60,000, and defendant D. G. Hudson Agency, Inc. was to pay $3,000. Plaintiff's attorney had written a letter to plaintiff on 27 August 1991, but before the offer was communicated to plaintiff, he died on 28 August 1991, of natural causes unrelated to the personal injuries he sustained in the fall.

Hazel G. McGowen, the widow of Mr. McGowen, was appointed executrix of her husband's estate. With the consent of defendants, Mrs. McGowen, in her representative capacity, was substituted as plaintiff in the civil action and was allowed to adopt the complaint of the original plaintiff.

On 14 October 1991, attorney Morgan, on behalf of plaintiff Hazel McGowen, verbally accepted the offer of settlement that had been made on 26 August 1991 by attorney Stith. In response, attorney Stith indicated that he was sure or that he felt that his client no longer considered the offer outstanding. On 28 October 1991, attorney Morgan received a letter dated 25 October 1991 in which attorney Stith indicated "that USF&G (the insurance carrier for Rental Tool Company) takes a position that there was no acceptance of its offer by your client who died before the offer was communicated to him." On 31 October 1991, attorney Morgan corresponded with attorney Stith, stating that the offer remained valid, had not been withdrawn and had been accepted.

On 18 December 1991, plaintiff filed a motion to compel compliance with the agreed upon settlement. On 26 February 1992, the trial court entered an order and judgment granting plaintiff's motion. On 23 March 1992, defendant Rental Tool Company gave notice of appeal. Defendant D. G. Hudson Agency, Inc. deposited with the clerk of Onslow County Superior Court its agreed upon portion of the settlement and is not a party to this action.

On appeal defendant-appellant brings forth one assignment of error. Defendant's sole assignment of error is that the trial court committed reversible error in granting plaintiff's motion to compel compliance with the agreed upon settlement because there was no contract of settlement. More specifically, defendant contends that the death of the offeree in the instant case terminated or revoked the offer as a matter of law.

To support its contention, defendant cites many general rules of contract law. For example, it states that an offer can be accepted only by the person or persons to whom it is made. 1 S. Williston, *The Law of Contracts* § 80 (3d ed. 1968). Defendant also states that the death or insanity of the offeror or the offeree will terminate the offer, as will the destruction of specific subject matter. 1 S. Williston, *The Law of Contracts* §§ 62, 62A (3d ed. 1968).

Defendant fails to state, however, that personal service contracts are terminated by the death of the offeror or the offeree. *See Peaseley v. Coke Co.*, 282 N.C. 585, 194 S.E.2d 133 (1973) (Contract did not provide for sole personal services of broker and, thus was not a personal service contract as would be terminated by broker's death; contract survived broker's death and could have been carried out by his associates.). The case *sub judice* does not

McGOWEN v. RENTAL TOOL CO.

[109 N.C. App. 688 (1993)]

involve a personal service contract; thus, the contract survived the death of the offeree and could be carried out by the personal representative of his estate.

Defendant also overlooks North Carolina General Statutes § 28A-18-1 (1984) which provides that a civil action based upon personal injury survives the death of the plaintiff. *See Fuquay v. R. R.*, 199 N.C. 499, 155 S.E. 167 (1930). It does not matter, therefore, whether the original plaintiff accepted the offer himself or whether plaintiff's substituted representative, Mrs. McGowen, accepted the offer. The offer which was precipitated by the civil suit, survived the death of the plaintiff as did the suit itself. Mrs. McGowen, as the substituted representative in the civil suit, having adopted the complaint of the original plaintiff, had the power to accept the unrevoked settlement offer in her husband's stead.

We also note that plaintiff's attorney notified defendant's attorney by letter dated 29 August 1991, that Mr. McGowen had died and that a response to the settlement proposal would not be "as timely as I had hoped. It will be a few weeks before I can get medical information concerning cause of death. It will also take some time for a representative of the estate to be appointed and for me to bring that person up to date on where we are." At that time, defendant Rental Tool Company voiced no desire to revoke the 26 April 1991 offer. We further note that defendant made no objection to the substitution of Mrs. McGowen for her husband in the civil suit for personal injuries. The cover letter which was served with the motion to substitute Hazel McGowen, stated that "as soon as this [substitution of the parties] is done, I will be in a position to talk with you concerning the settlement of the claim." Defendant posed no objection to the substitution and did not indicate that the offer had been withdrawn or that withdrawing it was a consideration.

This Court therefore holds that the 26 August 1991 settlement offer was not withdrawn by defendant or revoked by operation of law, and that while the offer was outstanding, plaintiff Mrs. McGowen, who was substituted for her husband in the civil suit, accepted the offer by and through her attorney. Accordingly, we affirm the decision of the trial court which compelled compliance with the settlement offer.

The decision of the trial court is affirmed.

Judges Lewis and John concur.