**SCHRONCE v. CONIGLIO**

[124 N.C. App. 216 (1996)]

SUE SCHRONCE, Administratrix of the Estate of SHELTON SCHRONCE, Plaintiff v. DR. GERALD CONIGLIO, Defendant

No. COA95-1391

(Filed 15 October 1996)

**Abatement, Survival, and Revival of Actions § 16 (NCI4th)— medical negligence—unrelated death of victim—survival of action**

A cause of action for negligent medical treatment of a decedent, unrelated to the death, survived the death of the decedent under *McGowen v. Rental Tool Co.*, 109 N.C. App. 688. N.C.G.S. § 28A-18-1.

**Am Jur 2d, Abatement, Survival, and Revival §§ 73, 90.**

**Medical malpractice action as abating upon death of either party. 50 ALR2d 1445.**

Appeal by plaintiff from order entered 23 October 1995 by Judge Robert Burroughs in Gaston County Superior Court. Heard in the Court of Appeals 26 August 1996.

*Childers, Fowler & Childers, P.A., by Max L. Childers, for plaintiff-appellant.*

*Dameron and Burgin, by Charles E. Burgin, for defendant-appellee.*

JOHNSON, Judge.

Plaintiff's decedent Shelton Schronce was employed by Custom Transport, Inc. On 23 July 1994, decedent fell and injured his shoulder while loading a truck. Following his injury, he was taken to Lincoln County Hospital and was treated by defendant Dr. Gerald Coniglio. Plaintiff alleges that defendant negligently treated decedent, causing his injury to worsen and causing him to be totally disabled. In addition, plaintiff alleges that defendant's negligence caused decedent to suffer additional pain, incur additional medical and hospital bills, and endure a longer period of recuperation.

On 14 December 1992, decedent died from causes unrelated to the alleged negligence of defendant. Plaintiff was appointed administratrix of decedent's estate and brought this action against defendant,

seeking to recover the damages caused by defendant's negligence for the estate.

On 28 September 1995, defendant filed his motion to dismiss for lack of subject matter jurisdiction, personal jurisdiction, insufficiency of process, and failure to state a claim upon which relief can be granted. The trial court granted defendant's motion to dismiss, ruling that plaintiff had failed to state a claim upon which relief could be granted because the cause of action alleged by plaintiff did not survive the death of plaintiff's decedent. Plaintiff appeals.

Plaintiff assigns as error the trial court's ruling that the cause of action does not survive decedent Shelton Schronce's death. A review of the record reveals that the trial court relied upon North Carolina General Statutes section 28A-18-1(b)(3) in reaching its decision to dismiss plaintiff's complaint since plaintiff had failed to state a claim upon which relief could be granted. N.C. Gen. Stat. § 28A-18-1(b)(3) (1984). North Carolina General Statutes section 28A-18-1 provides:

(a) Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of his estate.

(b) The following rights of action in favor of a decedent do not survive:

(1) Causes of action for libel and for slander, except slander of title;

(2) Causes of action for false imprisonment;

(3) Causes of action where the relief sought could not be enjoyed, or granting it would be nugatory after death.

N.C.G.S. § 28A-18-1. In the instant case, plaintiff is seeking damages for personal injuries suffered by her decedent as a result of defendant's alleged negligence, it is not a wrongful death action.

Plaintiff argues that the trial court's reliance on section 28A-18-1(b)(3) is misplaced, because this action does not involve a situation where the relief sought could not be enjoyed or would be nugatory. Plaintiff further contends that decedent could have sued defendant had he lived and could have enjoyed the relief

granted; therefore, this action is not one in which the relief could not have been enjoyed or would be nugatory if granted. Consequently, this right passes to his administratrix. Defendant, however, argues that the trial court properly concluded that the action did not survive.

> At common law a person injured by the negligence of another had a right of action to recover consequential damages. But at common law such right of action did not survive the death of the injured person, that is, it died with the person; and if the injured person died as a result of the wrongful act of another, there was at common law no right of action for such death.

*Hoke v. Greyhound Corp.*, 226 N.C. 332, 334, 38 S.E.2d 105, 107 (1946). Hence, defendant alleges since the action would have been barred at common law and no specific provision of the survival statute, section 28A-18-1, exempts this action from operation of common law, this action is barred.

Defendant and plaintiff cite several cases in support of their respective positions; however, after a careful review of the relevant cases, we find that this Court's decision in *McGowen v. Rental Tool Co.*, 109 N.C. App. 688, 428 S.E.2d 275 (1993), controls. In *McGowen*, a case factually similar to the instant case, the plaintiff's decedent died from causes unrelated to the injuries allegedly caused by defendants. *Id.* Our Court stated that section 28A-18-1 "provides that a civil action based upon personal injuries survives the death of the plaintiff." *Id.* at 691, 428 S.E.2d at 276 (citing *Fuquay v. R.R.*, 199 N.C. 499, 155 S.E. 167 (1930)). Thus, pursuant to *McGowen*, the action survives. Therefore, the decision of the trial court is reversed.

Reversed.

Judges LEWIS and WYNN concur.