ELENA CHAMBOUS CRIST, Plaintiff v. TAKEY CRIST, Defendant

No. COA00-1034

(Filed 7 August 2001)

## 1. Appeal and Error— appealability—denial of summary judgment—appeal from final judgment

The denial of a motion for summary judgment is not reviewable on appeal from a final judgment on the merits.

## 2. Evidence— telephone transcript—not entered into evidence—verbatim reading

The trial court did not abuse its discretion in an action on a note by sustaining an objection to defendant's verbatim reading of a telephone transcript that had not been entered into evidence, but the court allowed defendant to ask plaintiff questions about the telephone conversations and indicated that defendant would be allowed to enter the transcripts into evidence after a recess for plaintiff to review the transcripts.

## 3. Negotiable Instruments— promissory note—consideration

The trial court did not err in an action on a promissory note given in a divorce settlement by not granting defendant's motions for directed verdict or judgment notwithstanding the verdict where defendant alleged that the evidence at trial failed to establish consideration for the promissory note, but evidence that the note was under seal raised a presumption of consideration; there was evidence that plaintiff detrimentally relied on defendant's promise; and there was evidence of the benefit the parties' son would receive from a house purchased after the note was given.

## 4. Appeal and Error— preservation of issues—issue not raised at trial

The contention that a plaintiff in an action to collect upon a note had fraudulently induced plaintiff to sign the note was not addressed on appeal where it had not been asserted at trial.

CRIST v. CRIST

[145 N.C. App. 418 (2001)]

**5. Costs— travel expenses of party—not allowed**

The trial court improperly granted a plaintiff's motion for travel expenses in an action to collect upon a note. The travel expenses of a party are not an assessable cost enumerated in N.C.G.S. § 7A-305 and are not otherwise an assessable cost as provided by law.

**6. Costs— attorney fees—action on a note—notice to attorney**

The trial court did not err by awarding attorney fees under a provision in a promissory note where defendant contended that he was not notified of plaintiff's intention to demand attorney fees, but the evidence indicated that defendant's attorney received the demand letter. An attorney is in an agency relationship with a client and defendant was placed on notice when his attorney received the letter. N.C.G.S. § 6-21.2(5).

**7. Trials— verdict form—question to court**

The trial court did not err in an action on a note by refusing to accept the jury's initial verdict where the jury had a question about the verdict form; a figure may have been written on the form, but there was no indication that the jury had submitted a verdict; the judge reread the instructions to the jury; and the jury completed their deliberation.

Appeal by defendant from judgment entered 15 November 1999 and amended 3 March 2000 by Judge Jay D. Hockenbury in Superior Court, Onslow County. Heard in the Court of Appeals 5 June 2001.

*Lea, Clyburn & Rhine, by James W. Lea, III, for plaintiff-appellee.*

*Georgann Geracos for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Elena Chambous Crist (plaintiff) and Takey Crist (defendant), were granted a divorce on 15 May 1998. During their period of separation prior to divorce, they entered into a separation agreement whereby defendant was obligated to pay plaintiff $250,000. Defendant paid a $150,000 installment within thirty days of entering into the agreement. The remaining $100,000 was to be paid on or before 1 May 1998 with 6% interest. On 28 April 1998, defendant paid plaintiff $108,000.

Also during the period of separation, plaintiff moved to New Jersey with the parties' only child, a minor son. Plaintiff found several houses in Denville, New Jersey that she was interested in purchasing. Plaintiff contacted defendant about the houses. She claims that defendant suggested she buy the larger of the two houses, because defendant had hopes of reconciling with plaintiff and the more spacious house would be more desirable should the reconciliation take place. Plaintiff also claims that defendant agreed to pay $50,000 toward the purchase of the house from funds that would be available after defendant sold his gun collection. In July or August 1997, plaintiff provided defendant with a promissory note for defendant to sign. The note stated that defendant would pay plaintiff $50,000 on or before 1 December 1997. Defendant made changes to the promissory note and returned it to plaintiff. Plaintiff did not accept the altered terms of the note. Plaintiff then offered a new promissory note for defendant's approval which defendant signed, executing a promissory note in the amount of $50,000 on 20 August 1997. The note stated that it was due and payable by defendant to plaintiff on or before 31 December 1997. Plaintiff purchased the aforementioned house upon receiving said promissory note, relying on defendant's promise to pay the $50,000 after defendant sold his gun collection at an auction. After defendant failed to pay the promissory note when it became due, plaintiff made a written demand for payment in a 9 March 1998 letter. Defendant still did not pay on the note.

Plaintiff filed an action on 29 July 1998 for the sum of $50,000 plus interest and costs that plaintiff claimed to be owed by defendant on the promissory note. On 12 October 1998, defendant filed an answer, motion to dismiss and counterclaim, alleging that plaintiff owed defendant $2000 that defendant had overpaid to plaintiff as interest on the $108,000 separation agreement payment. On 8 November 1998, plaintiff filed a reply to counterclaim.

Defendant filed a motion for summary judgment on 3 September 1999. The motion was denied prior to trial, and a jury trial began on 13 September 1999. The jury returned a verdict on 23 September 1999, awarding the sum of $50,000 plus interest to plaintiff. Plaintiff filed a motion for attorneys' fees and costs on 1 October 1999. Judgment was then entered on 15 November 1999 in the amount of $50,000 plus interest from the date the complaint was filed, $2007 in costs, and $7500 in attorneys' fees. On 17 November 1999, plaintiff filed a motion to amend judgment so that interest would accrue from the date of the breach, not from the date of the filing of the complaint.

CRIST v. CRIST

[145 N.C. App. 418 (2001)]

On 29 November 1999, defendant filed a motion for judgment notwithstanding the verdict and a motion for a new trial, both of which were denied at the 3 March 2000 hearing on post-trial motions. An amended judgment was also entered at this time, granting plaintiff's 17 November 1999 motion to amend judgment. Defendant served notice of appeal on 24 March 1999.

---

The six issues presented by this appeal are whether the trial court erred in (I) denying defendant's motion for summary judgment; (II) restricting defendant's attempts to impeach plaintiff on cross-examination; (III) denying defendant's motion for a directed verdict and for judgment notwithstanding the verdict; (IV) granting plaintiff's motion for travel expenses; (V) granting plaintiff's motion for attorneys' fees; (VI) failing to accept the jury's initial verdict. For the following reasons, we affirm in part and reverse in part.

[1] Defendant first argues that the trial court erred in denying defendant's motion for summary judgment based on plaintiff's answers to defendant's interrogatories. It is well settled in North Carolina that the denial of a motion for summary judgment is not reviewable on appeal from a final judgment on the merits. *Harris v. Walden*, 314 N.C. 284, 333 S.E.2d 254 (1985). This is so because:

> [t]he purpose of summary judgment is to bring litigation to an early decision on the merits without the delay and expense of a trial when no material facts are at issue . . . . After there has been a trial, this purpose cannot be served. Improper denial of a motion for summary judgment is not reversible error when the case has proceeded to trial and has been determined on the merits by the trier of the facts, either judge or jury.

*Id.* at 286, 333 S.E.2d at 256. Even if the trial court erred in denying summary judgment, we would not reverse the judgment because a final judgment on the merits has already been rendered. *Id.* We therefore do not address whether it was error to deny summary judgment.

[2] Defendant's second argument is that the trial court unreasonably restricted defendant's attempt to impeach plaintiff on cross examination by means of plaintiff's prior statements. We disagree.

Cross-examination is a matter of right, but "the trial court has broad discretion in controlling the scope of cross-examination, and such a ruling may . . . not be disturbed absent abuse of discretion and a showing the ruling was so arbitrary it could not have been the prod-

CRIST v. CRIST

[145 N.C. App. 418 (2001)]

uct of a reasoned decision." *Fallis v. Watauga Medical Ctr., Inc.*, 132 N.C. App. 43, 62, 510 S.E.2d. 199, 211 (1999).

In the instant case, defendant spent many hours conducting a thorough cross-examination of plaintiff. Defendant additionally attempted to read the transcript of a telephone conversation in order to impeach plaintiff. The trial court sustained plaintiff's objection to defendant's verbatim reading of the telephone transcript as it had not been entered into evidence. The trial court, however, allowed defendant to ask plaintiff questions related to the telephone conversations. Furthermore, the trial court indicated that defendant would be allowed to enter the transcripts into evidence, though a court recess would be necessary in order to give time for plaintiff to review the transcripts. Defendant did not pursue this option. Instead, defendant continued cross-examination subject to the limitations imposed by the trial court. Based on these facts, we are satisfied that the trial court did not abuse its discretion. We therefore overrule this assignment of error.

**[3]** Defendant's third argument is that the trial court erred by denying defendant's motions for a directed verdict and for judgment notwithstanding the verdict. We disagree.

A motion for directed verdict is appropriately granted only when by looking at the evidence in the light most favorable to the non-movant, and giving the nonmovant the benefit of every reasonable inference arising from the evidence, the evidence is insufficient for submission to the jury. *Streeter v. Cotton*, 133 N.C. App. 80, 514 S.E.2d 539 (1999). A motion for judgment notwithstanding the verdict represents a renewal, after a verdict is issued, of a motion for directed verdict, and the standards of review for both motions are the same. *Bryant v. Thalhimer Brothers, Inc.*, 113 N.C. App. 1, 437 S.E.2d 519 (1993). A "motion for a directed verdict shall state the specific grounds therefor." N.C.G.S. § 1A-1, Rule 50(a). A trial court's decision to grant or deny a motion for directed verdict or a motion notwithstanding the verdict will not be disturbed on appeal absent an abuse of discretion. *G.P. Publications, Inc. v. Quebecor Printing-St. Paul, Inc.*, 125 N.C. App. 424, 481 S.E.2d 674 (1997).

Defendant asserts that the trial court erred in not granting the motions for directed verdict or judgment notwithstanding the verdict, because the evidence produced at trial failed to establish consideration for the promissory note. We disagree. While there was evidence presented by defendant that the promissory note was without con-

sideration, there was also evidence presented that the promissory note was under seal, which raises a presumption of consideration. *In re Foreclosure of Blue Ridge Holdings Ltd. Part.*, 129 N.C. App. 534, 500 S.E.2d 446 (1998). Evidence was also presented that plaintiff detrimentally relied on defendant's promise, and that the benefit the son would receive from the house was valid consideration to bind defendant. There was ample evidence, sufficient to go to the jury, that defendant owed plaintiff money on a valid promissory note that was executed by defendant. Thus, the trial court did not abuse its discretion in denying the motions for directed verdict and judgment notwithstanding the verdict.

**[4]** Defendant also asserts that the trial court erred in denying the motions for directed verdict and judgment notwithstanding the verdict, because plaintiff's testimony amounted to an admission that she had fraudulently procured the promissory note. However, defendant did not assert at trial that fraud was a ground for his motion for directed verdict or judgment notwithstanding the verdict. Defendant "cannot assert this on appeal because [he] failed to raise this issue before the trial court on [his] motions for directed verdict and judgment notwithstanding the verdict." *Brooks v. Wal-Mart Stores, Inc.*, 139 N.C. App. 637, 650, 535 S.E.2d 55, 64 (2000), *disc. review denied*, 353 N.C. 370, 547 S.E.2d 2 (2001). *See also Broyhill v. Coppage*, 79 N.C. App. 221, 225, 651 S.E.2d 32, 36 (1986) ("grounds not asserted in the trial court may not be asserted on appeal"); N.C.R. App. P. 10(b)(1) ("to preserve a question for appellate review, a party must have presented to the trial court a . . . motion, stating the specific grounds for the ruling . . . desired"). We therefore decline to address the argument that plaintiff fraudulently induced defendant to sign the promissory note.

**[5]** Defendant's fourth argument on appeal is that the trial court improperly granted the plaintiff's motion for travel expenses after dismissal of the jury. We agree.

N.C. Gen. Stat. section 6-20 provides for the trial court to allow "costs" in its discretion. N.C.G.S. § 6-20 (1999). Assessable costs in civil cases, however, are limited to those items listed in section 7 A-305. *Sara Lee Corp. v. Carter*, 129 N.C. App. 464, 474, 500 S.E.2d 732, 738 (1998), *reversed on other grounds*, 351 N.C. 27, 519 S.E.2d 308 (1999). In addition to those costs enumerated in section 7A-305, the trial court is permitted to "assess costs as provided by law." N.C.G.S. § 7A-305(e) (1999); *Sara Lee*, 129 N.C. App. at 474, 500

S.E.2d at 738. The trial court, however, is prohibited from assessing costs in civil cases which are neither enumerated in section 7A-305 nor "provided by law." *Sara Lee*, 129 N.C. App. at 474, 500 S.E.2d at 739.

In the case *sub judice*, the trial court ordered defendant to pay plaintiff $2,007.00 for travel expenses. Travel expenses of a party, however, are not an assessable cost enumerated in section 7A-305 and are not otherwise an assessable cost "as provided by law." *See City of Charlotte v. McNeely*, 281 N.C. 684, 694, 190 S.E.2d 179, 187 (1972) (no statute allows for travel expenses, such as "an allowance . . . for mileage and . . . for meals and hotel bills," as part of costs). Accordingly, as the trial court lacked the authority to assess plaintiff's travel expenses as a cost, we reverse on this issue and remand to the trial court to modify its award of costs to exclude travel expenses.

**[6]** Defendant next argues that the trial court erred in awarding attorneys' fees to plaintiff, because defendant was not notified of plaintiff's intention to demand attorneys' fees. We disagree.

The trial court's decision to award attorneys' fees is reviewed under the abuse of discretion standard. *Culler v. Hardy*, 137 N.C. App. 155, 526 S.E.2d 698 (2000). As such, the trial court's order will not be disturbed absent a showing that the order was manifestly unsupported by reason or that it was so arbitrary that it could not have been the result of a reasoned decision. *Id.*

N.C.G.S. section 6-21.2 governs the imposition of attorneys' fees in notes and other evidences of indebtedness. The statute mandates, in relevant part, that:

> the holder of an unsecured note . . . shall, after maturity of the obligation by default or otherwise, notify the maker . . . on said obligation that the provisions relative to payment of attorneys' fees in addition to the 'outstanding balance' shall be enforced and that such maker . . . has five days from the mailing of such notice to pay the 'outstanding balance' without the attorneys' fees.

N.C.G.S. § 6-21.2(5).

It is not disputed that the promissory note in the instant case contained a "provision[] relative to payment of attorneys' fees" sufficient to trigger the imposition of attorneys' fees should proper notification be made. *Id.* The note stated, in pertinent part, that:

CRIST v. CRIST

[145 N.C. App. 418 (2001)]

[u]pon default the holder of this Note may employ an attorney to enforce the holder's rights and remedies and the maker, principal, surety, guarantor and hereby agree to pay the holder reasonable attorney's fees not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing on said Note, plus all other reasonable expenses incurred by the holder in exercising any of the holder's rights and remedies upon default.

The issue in dispute is whether plaintiff satisfied the requirement of notifying defendant that she would be enforcing the attorneys' fees provision of the promissory note. "[C]ase law is clear that a party seeking to collect attorneys' fees incurred in the enforcement of a note must notify in writing the opposing party of this intent." *Thomas v. Miller*, 105 N.C. App. 589, 592, 414 S.E.2d 58, 60 (1992). Where the record fails to contain any evidence of such notice to the debtor, attorneys' fees are improperly granted. *Northwestern Bank v. Barber*, 79 N.C. App. 425, 339 S.E.2d. 452 (1986). Plaintiff claims to have sent the letter to defendant's attorney. Defendant claims to have never received notice. These two contentions are not mutually exclusive. Defendant's attorney could have received the demand letter without defendant ever having notice of the demand. In fact, the evidence at trial and the arguments in the brief indicate that this is what happened. The question then becomes whether the receipt of the demand letter by defendant's attorney is deemed to satisfy the notice requirement of section 6-21.2(5).

An attorney is in an agency relationship with a client. "North Carolina law has long recognized that an attorney-client relationship is based upon principles of agency . . . Two factors are essential in establishing an agency relationship: (1) The agent must be authorized to act for the principal; and (2) The principal must exercise control over the agent." *Johnson v. Amethyst Corp.*, 120 N.C. App. 529, 532-33, 463 S.E.2d 397, 400 (1995). It is generally accepted that an attorney may act on behalf of his or her client. *See e.g. McGowen v. Rental Tool Co.*, 109 N.C. App. 688, 691, 428 S.E.2d 275 (1993) (finding an offer can be accepted through an attorney).

In the case at bar, it is not disputed that defendant was represented by an attorney and that the attorney was authorized to act on defendant's behalf. In fact, the attorney represented defendant throughout the trial and in connection with post-trial motions. Accordingly, defendant was placed on notice when his attorney received the letter from plaintiff asserting plaintiff's intent to seek attorneys' fees from defendant. We find support for our holding in

CRIST v. CRIST

[145 N.C. App. 418 (2001)]

*Trust Co. v. Larson*, 22 N.C. App. 371, 206 S.E.2d 775 (1974). In *Trust Co.*, a letter mailed from plaintiff's attorney to defendant's attorney was deemed sufficient to satisfy the requirements of 6-21.2(5). The issue debated in *Trust Co.* centered around the *date* that the letter was sent; the ability of the plaintiff's *attorney* to directly send the demand letter to the defendant's *attorney* was not questioned by either party.

Thus, in the case at bar, defendant had five days from the mailing of such notice to pay the outstanding balance without incurring attorneys' fees. N.C.G.S. § 6-21.2(5). Defendant failed to do so. We therefore hold that attorneys' fees were properly awarded.

**[7]** Defendant's final argument on appeal is that the trial court erred in refusing to accept the jury's initial verdict of $2500. Defendant argues that this refusal invaded the province of the jury. The argument is wholly without merit. The transcript of the trial indicates that the jury had a question about completing the verdict form. The $2500 figure may have been written on the verdict form, but the jury did not submit an initial verdict at that time. The jury merely had a point of clarification. The judge re-read the instructions to the jury and the jury completed their deliberations. There is no indication that the jury had submitted a $2500 verdict. Consequently, the argument that the trial court erred in refusing to accept a $2500 verdict has no merit.

Having carefully reviewed defendant's arguments on appeal, we reverse on the issue of travel expenses and remand to the trial court to modify its award of costs to exclude travel expenses, and we affirm on all other issues.

Affirmed in part and reversed and remanded in part.

Judges GREENE and BRYANT concur.