FLORENCE AMELIA SMITH, Plaintiff v. L. OLIVER NOBLE, JR., et als., Defendants

No. COA02-66

(Filed 31 December 2002)

**Appeal and Error— assignments of error—lack of supporting arguments and authority**

An appeal by a pro se plaintiff alleging violation of her rights by multiple judicial officials was dismissed where she did not present arguments or cite authority for her assignments of error and did not provide a statement of the case and a statement of the facts. N.C. R. App. P. 28(b)(3), (5) and (6).

Appeal by plaintiff from orders entered 31 July 2000 and 17 August 2001 by Judge James E. Lanning in Cleveland County Superior Court. Heard in the Court of Appeals 9 October 2002.

*Florence Amelia Smith, plaintiff-appellant, pro-se.*

*Roy Cooper, Attorney General, by G. Patrick Murphy, Special Deputy Attorney General, for the State.*

Per Curiam.

Plaintiff, Florence Amelia Smith, appeals from two trial court's orders.

The first, entered 31 July 2000, dismissed her claims against defendants based on Rules 12(B)(1), (2), and (6) of the North Carolina Rules of Civil Procedure. Those rules address motions to dismiss based on lack of jurisdiction over the subject matter, lack of jurisdiction over the person, and failure to state a claim upon which relief can be granted. Plaintiff then filed three motions for a new trial or hearing, to amend and make additional findings and for relief from the order. The second order, entered 17 April 2001, denied all three motions. For the reasons discussed herein, we dismiss this appeal.

On 12 June 2000, plaintiff filed a complaint against defendants, L. Oliver Noble, et al. Defendants are officials of the State of North Carolina, including judges, attorneys, law enforcement officers, and clerks of court. Plaintiff alleged defendants conspired to violate a wide range of her rights through their actions in adjudicat-

ing, defending, or processing civil actions in which plaintiff was a *pro se* party.

Defendants filed a motion to dismiss based on absolute immunity, lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to allege facts supporting any genuine claim of wrongful conduct on the part of defendants. They also claimed that the action was captious, frivolous, and utterly without merit. The trial court granted the motion and also entered a pre-filing injunction that stated:

> IT IS FURTHER ORDERED that plaintiff's obsessive bent toward repetitive, vexatious, and baseless litigation must be brought to an end. Plaintiff is therefore ENJOINED as of this date by the entering of a pre-filing injunction on all future actions and lawsuits of whatever description in any state court, whereby no lawsuit may be filed by plaintiff without prior approval, upon review of the merits of the lawsuit, by the Senior Resident Court Judge of the county in which plaintiff desires to file the action.

Plaintiff appeals. Her assignments of error include contentions that the trial court erred in: (1) finding sanctions against plaintiff when no Rule 11 Motion for Sanctions was filed or served upon her and no Notice of Hearing on Sanctions was given to her; (2) incorporating sanctions which severely chilled plaintiff's open court rights pursuant to Article II of the North Carolina Constitution; (3) incorporating sanctions which severely chilled plaintiff's freedom of speech as guaranteed by the First Amendment to the United States Constitution; (4) incorporating sanctions which severely chilled plaintiff's right to access the full judicial process guaranteed by the Fourteenth Amendment to the U.S. Constitution; (5) using sanctions as an undue force as prohibited by the Fourth Amendment to the U.S. Constitution; (6) its findings of fact and conclusions of law which were not congruous with the evidence presented by defendants; (7) its determination that even though plaintiff had not been properly noticed on the hearing that it would not have mattered to the outcome; and (8) not recusing.

However, plaintiff presents no arguments for these assignments of error nor does she cite any authority. Assignments of error not addressed in the brief are deemed abandoned under Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure. N.C. R. App.

**SMITH v. NOBLE**

[155 N.C. App. 649 (2002)]

28(b)(6) (2002) (formerly N.C. R. App. P. 28(b)(5)). Further, plaintiff failed to give a statement of the case and a statement of the facts, in contravention of Rules 28(b)(3) and (5) of the North Carolina Rules of Appellate Procedure. *See* N.C. R. App. P. 28(b)(3) and (5) (2002). Accordingly, we dismiss the appeal.

DISMISSED.

Panel Consisting of:

Judges WALKER, THOMAS, BIGGS