SAMMIE E. WILLIAMS AND WILLIAMS SEAFOOD, INC., PETITIONERS V. NORTH CAROLINA DEPARTMENT OF ENVIRONMENT AND NATURAL RESOURCES, DIVISION OF COASTAL MANAGEMENT AND N.C. COASTAL RESOURCES COMMISSION, RESPONDENTS

No. COA03-595

(Filed 7 September 2004)

## 1. Costs— attorney fees—substantial justification

The trial court erred by granting attorney fees to petitioners pursuant to N.C.G.S. § 6-19.1 for the judicial review portion of a case involving an application for a Coastal Area Management Act permit to fill a portion of a tract of real estate in order to construct a freezer building on the land, because respondents have shown that their denial of petitioners' request for the permit was based on substantial justification including that the property was subject to regular or occasional flooding thus making it coastal wetlands.

## 2. Discovery— requests for admissions—costs of proof— attorney fees—reasonable belief would prevail

The trial court abused its discretion by granting attorney fees to petitioners pursuant to N.C.G.S. § 1A-1, Rule 37(c) in a case involving an application for a Coastal Area Management Act permit to fill a portion of a tract of real estate in order to construct

a freezer building on the land, because respondents had reasonable grounds to believe that they would prevail on the matter which petitioners requested them to admit.

**3. Costs— assessable cost—attorney's meals and travel expenses**

The trial court erred by granting costs to petitioners under N.C.G.S. § 6-20 for the meals and travel of petitioners' attorney in a case involving an application for a Coastal Area Management Act permit to fill a portion of a tract of real estate in order to construct a freezer building on the land because travel expenses of a party, including costs for mileage, meals, and hotels, are not an assessable cost listed in N.C.G.S. § 7A-305 and are not an assessable cost as provided by law.

**4. Appeal and Error— cross-assignment of error—cross-appeal—waiver**

Petitioners' failure to properly cross-appeal any error regarding the denial of their motion for attorney fees incurred in developing their takings claim pursuant to N.C.G.S. § 113A-123 waived consideration of the matter on appeal.

**5. Appeal and Error— preservation of issues—failure to argue**

Petitioners' remaining cross-assignments of error are deemed abandoned because petitioners presented no arguments as to these additional cross-assignments of error.

Appeal by respondents from judgment entered 17 January 2003 by Judge William C. Griffin, Jr. in Hyde County Superior Court. Heard in the Court of Appeals 4 February 2004.

*Pritchett & Burch, PLLC, by Lars P. Simonsen, for petitioners-appellees.*

*Attorney General Roy Cooper, by Special Deputy Attorney General and Jill B. Hickey and Assistant Attorney General Meredith Jo Alcoke, for the State.*

STEELMAN, Judge.

Respondents, the North Carolina Department of Environment and Natural Resources, Division of Coastal Management (DCM) and the North Carolina Coastal Resources Commission (CRC), appeal a trial court order granting attorney's fees and costs to petitioners,

Sammie E. Williams and Williams Seafood, Inc. For the reasons discussed herein, we reverse.

On 15 November 1999 petitioners applied for a Coastal Area Management Act permit to fill a portion of a tract of real estate in order to construct a freezer building on the land. By letter dated 14 August 2000, respondent, DCM, refused to issue the permit because it determined the area to be filled and developed was coastal wetlands, the filling of which was inconsistent with the following rules of the North Carolina Coastal Resources Commission: 15A N.C.A.C. 7H.0205(c-d); 15A N.C.A.C. 7H.0208(a)(1); and 15A N.C.A.C. 7H.0208(a)(2)(B). *See also* N.C. Gen. Stat. § 113A-120(a)(8) (requiring the denial of a permit application "[i]n any case, that the development is inconsistent with the State guidelines or the local land-use plans"). Petitioners filed a petition for a contested case hearing on 30 August 2000. The focus of the contested case hearing was whether the project area was a coastal wetland. A coastal wetland is defined as any marsh area that has (1) regular or occasional flooding by tides, including wind tides, but not including hurricanes or tropical storm tides; *and* (2) the presence of one or more of ten designated marsh plant species. N.C. Gen. Stat. § 113-229(n)(3) (2003); 15A N.C.A.C. 7H.0205 (2003). Petitioners did not contest that the project area contained coastal wetland plant species, only that the land was not subject to regular or occasional flooding. Following the hearing, Administrative Law Judge Beecher R. Gray entered a recommended decision on 2 August 2001. Judge Gray concluded the project area was not subject to regular or occasional flooding by tides and therefore, respondents erred in denying petitioners' permit request. The matter then came before CRC, who declined to follow Judge Gray's recommended decision, instead issuing a final agency decision affirming DCM's denial of petitioners' application for a permit. Petitioners petitioned for judicial review and asserted a takings claim pursuant to N.C. Gen. Stat. § 113A-123 and N.C. Gen. Stat. § 150B-43. Following a hearing, Judge William C. Griffin, Jr. entered an order on 25 July 2002 concluding the CRC's decision that the property at issue was coastal wetlands, subject to regular or occasional flooding, was arbitrary and capricious, and not based upon substantial evidence. Respondents chose not to appeal the superior court's decision.

Petitioners thereafter filed a motion for attorney's fees and costs. Pursuant to N.C. Gen. Stat. § 6-19.1, Judge Griffin granted petitioners' motion and awarded petitioners attorney's fees and costs for the judicial review portion of the case, excluding the 25.05 hours

expended on the takings issue and also excluding the expert witness fees. Judge Griffin also awarded attorney's fees and costs pursuant to Rule 37(c) of the North Carolina Rules of Civil Procedure for the administrative portion of the proceedings. Respondents appeal.

## I. Award of Attorney's Fees Under N.C. Gen. Stat. § 6-19.1

**[1]** In respondents' first assignment of error they contend the trial court erred in awarding attorney's fees to petitioners pursuant to N.C. Gen. Stat. § 6-19.1 for the judicial review portion of the case. We agree.

The judicial review portion of the case encompassed all of the proceedings commencing with the filing of the petition for judicial review in the Superior Court of Hyde County. The portion of the case that occurred prior to that filing is referred to as the administrative portion of the case. N.C. Gen. Stat. § 6-19.1 provides that the trial court may, in its discretion, award attorney's fees to a prevailing party contesting state action pursuant to N.C. Gen. Stat. § 150B-43 where the trial judge concludes that certain criteria are present. N.C. Gen. Stat. § 6-19.1 (2000)[1]. Those criteria are (1) the prevailing party is not the state; (2) the prevailing party petitions for attorney's fees within thirty days following final disposition of the case; (3) the trial court "finds that the agency acted without substantial justification in pressing its claim against the party;" and (4) the trial court "finds that there are no special circumstances that would make the award of attorney's fees unjust." *Id.* However, the trial court's determination that the State acted without "substantial justification" is a conclusion of law and is reviewable by this Court on appeal. *Whiteco Industries, Inc. v. Harrelson,* 111 N.C. App. 815, 819, 434 S.E.2d 229, 232-33 (1993), *disc. review denied, appeal dismissed,* 335 N.C. 566, 441 S.E.2d 135 (1994). It is proper for this Court to consider the entire record in our determination of whether "substantial justification" existed. *Crowell Constructors, Inc. v. State ex rel. Cobey,* 342 N.C. 838, 842, 467 S.E.2d 675, 678 (1996).

For the purposes of N.C. Gen. Stat. § 6-19.1, "substantial justification" means "justified to a degree that could satisfy a reasonable

---

1. This case is governed by the previous version of N.C. Gen. Stat. § 6-19.1, which did not allow for the recovery of attorneys fees and costs for the administrative portion of the case. *Walker v. North Carolina Coastal Resources Comm'n,* 124 N.C. App. 1, 12, 476 S.E.2d 138, 145 (1996), *disc. review denied,* 346 N.C. 185, 486 S.E.2d 220 (1997). The new version allows for such recovery, but is applicable to contested cases commenced after 1 January 2001. 2000 N.C. Sess. Law ch. 190 § 1. Petitioners commenced this contested case on 30 August 2000.

person." *Id.* at 844, 467 S.E.2d at 679 (citations omitted). In order to show it acted with substantial justification, the burden is on the agency to "demonstrate that its position, at and from the time of its initial action, was rational and legitimate to such [a] degree that a reasonable person *could* find it satisfactory or justifiable in light of the circumstances then known to the agency." *Id.* (emphasis in original). It should be noted that this standard is not to be so strictly construed as to require the state agency to show the infallibility of each action it takes. *Id.* However, this standard should not be so loosely construed as to require the agency to only show its actions are not frivolous. *Id.* The fact that the trial judge stated the agency's determination that the property at issue was coastal wetland was arbitrary and capricious and not based on substantial evidence is not determinative of the question of "substantial justification." *Walker v. N.C. Coastal Resources Comm.*, 124 N.C. App. 1, 6, 476 S.E.2d 138, 142 (1996) (citing *Pierce v. Underwood*, 487 U.S. 552, 569, 101 L. Ed. 2d 490, 507 (1988) ("fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified")).

Based on our review of the record and transcripts before us, we conclude that respondents have shown that their denial of petitioners' request for the permit was based on substantial justification. The existence of one or more of the designated plant species on the property was not at issue. The sole area of dispute was whether the property was subject to regular or occasional flooding by tides. In petitioners' permit application, they stated that a portion of the site contained coastal wetlands and in their cover letter to the application acknowledged that the property floods, albeit rarely. This required respondents to consider the frequency with which the property flooded. Respondents based their decision to deny petitioners' permit request on the findings of Terry Moore, David Moye, and the recommendations of several state and federal agencies. Mr. Moore had worked for DCM for more than twenty years and had been district manager in the Englehard area for ten years. Mr. Moye had worked in the Englehard district for eleven years as a field representative. Each of these witnesses were qualified as experts in coastal wetlands biology and the identification of coastal wetlands at the hearing before the administrative law judge. Mr. Moore testified he had seen the property flooded by wind tides on numerous occasions. Furthermore, Mr. Moye had witnessed the property flooded by wind tides on at least one occasion, and had taken a photo showing the flooding.

In addition to Mr. Moore and Mr. Moye's findings, DCM circulated petitioners' permit request to fourteen state and federal review agencies. The North Carolina Division of Marine Fisheries, the National Marine Fisheries Service, and the U.S. Fish and Wildlife Service agreed the permit request should be denied as construction of the freezer would result in a loss of coastal wetlands.

The award of attorney's fees should only be granted in cases where the state agency acted without "substantial justification." N.C. Gen. Stat. § 6-19.1. This is not such a case. In reaching its decision to deny the permit request, respondents utilized the specialized expertise of its employees, who were qualified as experts. *See Webb v. N.C. Dept. of Envir., Health, and Nat. Resources*, 102 N.C. App. 767, 770, 404 S.E.2d 29, 32 (1991). Furthermore, respondents relied on the expertise of several state and federal agencies in deciding to deny the permit request.

Based upon our review of the records, we conclude that at the time respondents denied petitioners' permit request they were justified to a degree that could satisfy a reasonable person in asserting their opinion that the property in question was subject to regular or occasional flooding and was thus, coastal wetlands. Since we hold that respondents were substantially justified in denying the permit request, petitioners are not entitled to recover attorney's fees under N.C. Gen. Stat. § 6-19.1 for the judicial portion of the proceedings. *See Crowell*, 342 N.C. at 846, 467 S.E.2d at 680-81.

## II. Award of Attorney's Fees Under Rule 37(c)

**[2]** In respondents' second assignment of error they contend the trial court improperly awarded attorney's fees and costs pursuant to Rule 37(c) of the North Carolina Rules of Civil Procedure. We agree.

Discovery may be conducted in contested case hearings under N.C. Gen. Stat. § 150B-28 of the Administrative Procedure Act to which the Rules of Civil Procedure apply. N.C. Gen. Stat. § 150B-28 (2003). Rule 37(c) provides:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that

(i) the request was held objectionable pursuant to Rule 36(a), or (ii) the admission sought was of no substantial importance, or (iii) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (iv) there was other good reason for the failure to admit.

N.C. Gen. Stat. § 1A-1, Rule 37(c) (2003).

After filing a petition for a contested case hearing in the Office of Administrative hearings, petitioners sent requests for admissions to respondents pursuant to Rule 36(a) of the North Carolina Rules of Civil Procedure. Respondents responded on 8 December 2000 with the following answers:

2. Admit that the Fill Area does not constitute a "salt marsh or other marsh" as those terms are used in Title 15A N.C.A.C. 07H.0205.

**RESPONSE**: DENIED.

3. Admit that the Fill Area is not subject to regular or occasional flooding by tides, including wind tides.

**RESPONSE**: DENIED.

The trial court concluded that "[t]he petitioners proved the truth of the matters asserted in the requests for admissions denied by the respondents in this case. The respondents had no reasonable grounds to believe that they might prevail on these matters." The trial court found that petitioners' counsel expended 108.8 hours proving the truth of the above matters.

Sanctions imposed under Rule 37 will not be reversed on appeal absent a showing of abuse of discretion. *Cloer v. Smith*, 132 N.C. App. 569, 573, 512 S.E.2d 779, 782 (1999). Respondents contend the trial court abused its discretion in awarding petitioners attorney's fees because they had reasonable grounds to believe they would prevail on the matter under the provisions of Rule 37(c)(iii). The party wishing to avoid court-imposed sanctions for non-compliance with discovery requests bears the burden of showing the non-compliance was justified. *Graham v. Rogers*, 121 N.C. App. 460, 465, 466 S.E.2d 290, 294 (1996). The official commentary to this rule explains that this provision "emphasizes that the true test under Rule 37(c) is not whether a party prevailed at trial but whether he acted reasonably in believing that he might prevail." N.C. Gen. Stat. § 1A-1, Rule 37 official commentary. Thus, the language of this exception, "prevail on the

matter," refers to the specific matter the requesting party sought to be admitted and not whether the party would win the case. *See United States v. Article of Drug*, 428 F. Supp. 278, 281 (E.D. Tenn. 1976) (applying Rule 37(c)(3) of the Federal Rules of Civil Procedure,[2] the court stated that it found "the claimant had reasonable ground to believe that it might prevail on the matter which the plaintiff requested it to admit"). N.C. Gen. Stat. § 6-19.1 permits the trial judge to award attorney's fees except where the agency acted with substantial justification, which means "justified to a degree that could satisfy a reasonable person." *Crowell*, 342 N.C. at 844, 467 S.E.2d at 679. Each of these standards are based on reasonableness: that is, the "reasonable ground" standard of Rule 37(c)(iii) and the "reasonable person" standard of N.C. Gen. Stat. § 6-19.1. We find these two standards to be identical, although the time frames for determining whether the conduct of the respondents was reasonable is not identical. Under N.C. Gen. Stat. § 6-19.1 the court must determine what the state agency knew at the time the permit application was denied. Under Rule 37(c), the court's inquiry must focus on what the agency knew at the time they answered the request for admissions. In this case, we find the record shows that the agency's knowledge concerning the question of whether the property was a "salt marsh" and if regular or occasional flooding occurred due to the tides, was essentially the same at each of the relevant time periods.

Having concluded in the first issue that respondents had a substantial justification for denying petitioners' permit request, we also conclude they had reasonable grounds to believe they might prevail on the matters they were requested to admit. Accordingly, we find the trial judge abused his discretion in awarding petitioners attorney's fees under Rule 37(c).

### III. Award of Costs Included Attorney's Meals and Expenses

[3] Respondents further contend the trial court erred when it awarded costs to petitioners for the administrative and judicial portions of the proceedings because the award of costs contained expenses incurred by petitioners' attorney for meals and travel. We note that respondents have appealed only the portion of the award of costs attributable to the meals and travel expenses of petitioners' attorney.

---

2. " '[T]he North Carolina Rules of Civil Procedure are, for the most part, verbatim recitations of the federal rules.' " *Brooks v. Giesey*, 334 N.C. 303, 317, 432 S.E.2d 339, 347 (1993) (citations omitted). Therefore, decisions under the federal rules are useful in developing our philosophy as to the North Carolina rules. *Id.*

N.C. Gen. Stat. § 6-20 allows the trial court to award costs in its discretion. N.C. Gen. Stat. § 6-20 (2003). However, in civil cases, assessable costs are limited to those items listed in N.C. Gen. Stat. § 7A-305. *Crist v. Crist*, 145 N.C. App. 418, 423, 550 S.E.2d 260, 264 (2001). "In addition to those costs enumerated in section 7A-305, the trial court is permitted to 'assess costs as provided by law.' " *Id.* (citations omitted); N.C. Gen. Stat. § 7A-305(e) (2003). Travel expenses of a party, including costs for mileage, meals, and hotels are not an assessable cost listed in N.C. Gen. Stat. § 7A-305 and are not an assessable cost "as provided by law." *Id.* at 424, 550 S.E.2d at 265. *See also City of Charlotte v. McNeely*, 281 N.C. 684, 694, 190 S.E.2d 179, 187 (1972). The award of costs for an attorney's meals and travel expenses is error and should be reversed. *Crist*, 145 N.C. App. at 424, 550 S.E.2d at 265.

In the present case, there are two instances in which the trial court ordered respondents to pay petitioners' costs which included petitioners' attorney's meals and travel expenses. According to our calculations, these awards of costs contained a total of $269.92 attributable to meals and expenses. It was error for the trial court to assess as a cost petitioners' attorney's meals and travel expenses. Consequently, we remand this matter to the trial court to modify its award of costs to exclude petitioners' attorney's meals and travel expenses. As respondents failed to challenge the remaining portion of costs accessed by the trial court, we do not consider their validity, and assume the remainder of the award to be proper.

## IV. Petitioners' Cross-assignments of Error

[4] In petitioners' brief, they bring forth an argument based upon a cross-assignment of error. Petitioners assert that the superior court erred when it denied their motion for attorney's fees incurred in developing their takings claim pursuant to N.C. Gen. Stat. § 113A-123.

An appellee may cross-assign as error, without taking a separate appeal, "any action or omission of the trial court which . . . deprived the appellee of an alternative basis in law for *supporting* the judgment, order, or other determination from which appeal has been taken." N.C.R. App. P. 10(d) (emphasis added). In their cross-assignment of error, petitioners do not present an "alternative basis in law for supporting" the judgment. Rather, petitioners' purported cross-assignment asserts that the trial court erred when it failed to award attorney's fees to petitioners for the takings claim, not ad-

ditional reasons supporting why the trial court's order awarding attorney's fees for the judicial and administrative proceedings should be upheld. The correct method to raise these questions on appeal would have been a cross-appeal. *Wilson Realty & Constr., Inc. v. Asheboro-Randolph Bd. of Realtors, Inc.*, 134 N.C. App. 468, 473, 518 S.E.2d 28, 32 (1999); *Cox v. Robert C. Rhein Interest, Inc.*, 100 N.C. App. 584, 588, 397 S.E.2d 358, 361 (1990). Petitioners' failure to properly cross-appeal any such error waives our consideration of the matter on appeal. *Lewis v. Edwards*, 147 N.C. App. 39, 51, 554 S.E.2d 17, 24-25 (2001).

[5] In the Record on Appeal, the petitioners-appellees raised several additional cross-assignments of error. Rule 28(b)(6) of the Rules of Appellate Procedure restricts our review to questions that are supported by the arguments made in the brief. N.C.R. App. P. 28(b)(6) (2003). *See Smith v. Noble*, 155 N.C. App. 649, 650-51, 573 S.E.2d 719, 720 (2002). Where a party fails to bring forward any argument or authority in their brief to support their assignments of error, those assignments of error are deemed abandoned. N.C.R. App. P. 28(b)(6). Here, petitioners presented no arguments as to these additional cross-assignments of error and thus, the remaining cross-assignments of error are deemed abandoned.

For the reasons discussed herein, the trial court's award of attorney's fees to petitioners under N.C. Gen. Stat. § 6-19.1 and Rule 37(c) are reversed and this matter is remanded to the trial court for entry of an order setting the costs to be assessed against respondents in accordance with section III of this opinion.

REVERSED AND REMANDED.

Chief Judge MARTIN and Judge GEER concur.