GLOBAL CIRCUITS OF NORTH CAROLINA, INC., Plaintiff v. GOVIND CHANDAK
 and MADHU CHANDAK, Defendants v. BHARAT BARAI, PANNA BARAI,
 W. THURSTON DEBNAM, JR., and SMITH DEBNAM NARRON WYCHE STORY
 & MYERS, L.L.P., Third-Party Defendants

ELECTRONIC INTERCONNECT CORPORATION, GLOBAL CIRCUITS OF NORTH
 CAROLINA, INC. f/k/a GLOBAL CIRCUITS ACQUISITION COMPANY, BHARAT
 BARAI, M.D., and PANNA BARAI, M.D., Plaintiffs v. GOVIND CHANDAK and
 MADHU CHANDAK, Defendants

No. COA04-1648

(Filed 6 December 2005)

**1. Appeal and Error— record—evidence at hearing not presented—assignments of error dismissed**

Plaintiffs' assignments of error arising from an arbitration were dismissed where the record did not reflect the evidence presented to the arbitration panel, in violation of Rule 9(a)(1)e of the Rules of Appellate Procedure. The memorandum of an advocate cannot be a proper substitute for establishing the evidence received during an arbitration proceeding.

**2. Arbitration and Mediation— reasoning of award—not required**

There was no remand of an arbitration award which did not include the reasoning for the arbitration panel's decision; the arbitration agreement did not require the arbitrators to set forth their reasoning, nothing in the record suggests that defendants assented to plaintiffs' request for a statement of reasoning, and there is no persuasive authority that suggests that the panel was required to provide its reasoning on these facts.

**3. Arbitration and Mediation— award—not ambiguous**

An arbitration award was not ambiguous and inconsistent where it fully addressed the issues presented by the parties and set forth its decision in clear terms.

Appeal by Global Circuits of North Carolina, Inc., Electronic Interconnect Corporation, Global Circuits of North Carolina, Inc., f/k/a Global Circuits Acquisition Company, Bharat Barai, M.D., and Panna Barai, M.D. (plaintiffs) from judgment entered 2 September 2004 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 23 August 2005.

*Ellis & Winters, LLP, by Paul K. Sun, Jr. for plaintiffs-appellants.*

*Ward and Smith, P.A., by Gary J. Rickner, for defendants-appellees.*

LEVINSON, Judge.

Several of the parties in the instant case were involved in a related litigation, *Chandak v. Electronic Interconnect Corp.*, 144 N.C. App. 258, 550 S.E.2d 25 (2001). This appeal arises from an order confirming an arbitration award entered pursuant to the parties' agreement to arbitrate all claims arising from the sale of Global Circuits of North Carolina, Inc. We have included only those facts necessary to an understanding of the issues presented in the current appeal.

The 20 November 2003 arbitration award provided, in pertinent part, the following:

The Panel therefore answers the substance of the issues submitted by Claimants as follows:

1. Were claimants damaged by fraud of respondents in connection with the sale of the business?

ANSWER: No.

2. Were claimants damaged by deceptive trade practices of respondents in the sale of the business?

ANSWER: No.

3. Were claimants damaged by breach of fiduciary duty of respondents in purchasing the Global property?

ANSWER: No.

4. Were claimants damaged by deceptive trade practices of respondents in respondents' purchase of the Global property?

ANSWER: No.

5. Did respondents abuse the process of the court in the summary ejectment action instituted against claimant Electronic Interconnect Corporation and Global Circuits of North Carolina, Inc.?

ANSWER: No.

6. Did respondents breach the lease agreement with Global Circuits of North Carolina, Inc.?

ANSWER: Yes.

7. What amount of damages is claimant Global Circuits of North Carolina, Inc. entitled to recover from respondents for breach of the lease?

ANSWER: $15,000.

Therefore, claimants Electronic Interconnect Corporation, Bharat Barai, M.D. and Panna Barai, M.D. are not entitled to any award of damages against the respondents, and all claims made by these claimants against the respondents in this arbitration are hereby denied. Claimant Global Circuits of North Carolina, Inc. is entitled to an award of damages against respondents, Govind Chandak and Madhu Chandak in the amount of $15,000.00, and this claim by Global Circuits of North Carolina, Inc. against respondents in this arbitration is hereby allowed.

Respondents are found by the Panel to be the prevailing parties in this arbitration on all claims except the breach of lease claim by Global Circuits of North Carolina, Inc. Claimant Global Circuits of North Carolina, Inc. is found by the Panel to be the prevailing party in connection with the breach of lease claim. . . .

Plaintiffs filed motions to vacate the award; Govind Chandak and Madhu Chandak (defendants) filed motions to confirm the award. On 2 September 2004 the trial court entered an order denying plaintiffs' motions to vacate the arbitration award and granting defendants' motions to confirm the award. From this order plaintiffs now appeal. We affirm.

---

[1] On appeal, plaintiffs first contend the trial court erred by failing to vacate the arbitration award because the arbitration panel "manifestly disregarded the law." According to plaintiffs, the panel (1) failed to apply principles of collateral estoppel to plaintiffs' abuse of process claim; (2) ignored the facts and the law regarding plaintiffs' claim of wrongful acquisition of the Global property; and (3) ignored the law regarding plaintiffs' claim of fraud concerning the sale of the business. We conclude that, by violating the requirements of N.C.R. App. P. 9, plaintiffs have not provided us with the necessary materials to evaluate these issues.

Under N.C.R. App. P. 9(a)(1)e, the record in a civil action shall contain "so much of the evidence, set out in the form provided in Rule 9(c)(1), as is necessary for an understanding of all errors assigned[.]" "It is incumbent upon the appellant to see that the record on appeal is properly made up and transmitted to the appellate court. The Rules of Appellate Procedure are mandatory and failure to follow the rules subjects appeal to dismissal." *Fortis Corp. v. Northeast Forest Products*, 68 N.C. App. 752, 754, 315 S.E.2d 537, 538-39 (1984) (citations omitted).

The introductory paragraphs of the arbitration award stated, *inter alia*, that the panel members "received into evidence all exhibits tendered by the parties' counsel . . . [and] the sworn oral testimony of . . . witnesses[.]" Based "solely upon the evidence of record in this case," the panel entered the award set forth above. As a necessary predicate to an evaluation of plaintiffs' arguments, the record on appeal must reflect what evidence was presented to the arbitration panel. While the arbitration agreement specifically afforded the parties the ability to record the arbitration hearing, this Court has not been provided a transcript of the arbitration hearing. Nor have we been provided a narrative of the proceedings; a listing of the witnesses proffered by the parties and a summary of their testimonies; and/or an identification of the exhibits actually presented to the arbitration panel. Plaintiffs' appeal rests largely on their contention that the arbitration panel did not properly consider the legal effects of a N.C.R. Civ. P. 11 sanctions order; however, we cannot even discern from the record whether the sanctions order was, indeed, submitted to the panel.

The only documents in the record we can definitively conclude were submitted to the arbitration panel are the parties' post-arbitration hearing briefs labeled "Claimants' Post-Hearing Brief" and "Respondents' Post-Arbitration Submission." These briefs summarize the parties' contentions about what the evidence demonstrated. We know these briefs were submitted to the panel only because the language of the arbitration award itself states these were considered. In their Post-Hearing brief, plaintiffs make many of the arguments they now make on appeal. The legal memorandum of an advocate cannot, of course, be a proper substitute for establishing what evidence was received during the arbitration hearing. And the legal memorandum itself references exhibit numbers that do not correspond with exhibit numbers included in the record on appeal. That plaintiffs, in attempting to support many of the factual

contentions in their brief, reference only this memorandum, or other legal memoranda, is additional support for our conclusion that we cannot know what took place during the arbitration hearing. We note only two examples.

First, plaintiffs contend there was "undisputed evidence" presented to the arbitration panel of defendants' wrongful acquisition of the Global property. As support for this contention, plaintiffs point this Court to their 3 November 2003 Post-hearing Brief, which is, again, a legal memorandum. In this memorandum, there are additional cites to Exhibits C28, C31, A45, A34, A40, and A20. While the legal memorandum recounts and summarizes witness testimony, this Court has no way to determine whether this testimony was, indeed, offered before the arbitration panel. There are no exhibits in the record which can be identified as exhibits A45, A34, A40, and A20. And while there is one exhibit attached in the Appendix to appellants' brief which might correspond with C28 or C31, there is no indication this exhibit was submitted to the arbitration panel. As a further example, plaintiffs contend that "[u]ndisputed evidence at the hearing showed that [Electronic Interconnect] and the Barais paid $1,000,000 for the Global business[.]" As support for this contention, plaintiffs again point to legal briefs, which recite factual allegations that may or may not have been independently presented to the arbitration panel.

Without a record of the evidence and the law presented to the arbitration panel, we cannot begin to evaluate whether the arbitration panel "manifestly disregarded the law" and whether the superior court judge, in turn, erred by failing to conclude the same.

Though not essential to our holding, we observe that the record does not include a transcript or other definitive indicia of what exhibits were presented to the trial court by plaintiffs on their motions to vacate the arbitration award. In its order denying plaintiffs' motions to vacate, the trial court noted it considered the "arguments of counsel[,] . . . the Court file, the memoranda of law submitted by the parties, and the pleadings and <u>other submissions from the arbitration</u>[.]" (emphasis added). Because the record does not establish what "submissions from arbitration" were offered by plaintiffs in their motions to vacate, it is exceedingly difficult for this Court to evaluate whether the trial court itself erred in denying plaintiffs' motions to vacate. The relevant assignments of error are dismissed.

GLOBAL CIRCUITS OF N.C., INC. v. CHANDAK

[174 N.C. App. 797 (2005)]

**[2]** Plaintiffs next contend that the arbitration award must be modified by the arbitration panel to include "a statement of the reasoning for the panel's decision." We disagree.

The arbitration agreement itself does not require the arbitrators to set forth the reasons for their award. The arbitration agreement provided only that:

> The award shall be set forth in writing; it shall be signed by the Arbitrators who concur in making the award; and shall state the amount, if any, of the award separately with respect to each of the claims asserted by Barai and Chandak.

Nonetheless, plaintiffs contend that the panel was "required" to include such a statement because the same was included in plaintiffs' written "summary of the subjects discussed" during a preliminary hearing preceding the arbitration. According to plaintiffs, the written summary included "clarifications of the [arbitration a]greement." The preliminary hearing was held consistent with the terms of the arbitration agreement, which provided that the parties would "discuss the future conduct of the case" and "address any other matters [the parties] or the Arbitrators may wish to consider." After the panel made its award, and plaintiffs again "requested" a statement of its reasoning, the panel declined to do so because (1) it was not required by the terms of the arbitration agreement, and (2) the same "is not customary in arbitrations in North Carolina."

Nothing in the record suggests defendants assented to plaintiffs' request or independently urged the arbitration panel to provide a statement of its reasoning. Nor do plaintiffs cite this Court to any persuasive authority that suggests the panel was required to provide a statement of its reasoning on these facts. We conclude this argument is without merit.

**[3]** Plaintiffs next contend that the form of the arbitration award is inconsistent and ambiguous, and that the award does not definitively express who the "prevailing" party is. Contrary to plaintiffs' contentions, the arbitration award fully addresses the issues presented to it by the parties and sets forth its decision in clear terms. The award is neither ambiguous nor inconsistent.

Affirmed.

Judges HUDSON and CALABRIA concur.