TONYA SILVER, Plaintiff,
v.
GMRI, INC., Defendant.
No. COA06-1588
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Manning, Fulton & Skinner, P.A., by Michael S. Harrel, for plaintiff-appellant.
Young Moore and Henderson, P.A., by Robert C. deRosset and Elinor M. Johnsey, for defendant-appellee.
SMITH, Judge.
Tonya Silver (plaintiff) appeals from orders denying her motion to tax attorneys' fees and costs, and granting a directed verdict for defendant on plaintiff's claim for punitive damages. We affirm.
The pertinent facts are not in dispute: In 2004 plaintiff was an employee of the North Carolina Department of Corrections. On 2 April 2004 plaintiff ate at a Red Lobster restaurant in Raleigh, North Carolina, with a group of her co-workers. Several hours later an employee of Red Lobster called plaintiff's employer and told plaintiff's supervisor that plaintiff was suspected of having left the restaurant without paying her bill. This was incorrect.Plaintiff later established she had paid her bill before leaving the restaurant. On 22 December 2004 plaintiff filed a complaint against defendant GMRI, Inc. (corporate owner of the Red Lobster restaurants), seeking damages for libel and slander. The case was tried before a jury in May 2006. At the close of all evidence, the trial court granted defendant's motion for a directed verdict on plaintiff's claims for punitive damages. The jury returned a $2000 verdict in favor of plaintiff, after which plaintiff moved to tax costs and fees against defendant. Plaintiff appeals from the court's denial of her motion for fees and costs, and from the trial court's entry of directed verdict for defendant on the issue of punitive damages.
Plaintiff argues first that the trial court erred by directing a verdict against plaintiff on her claim for punitive damages. We conclude that plaintiff has failed to properly preserve this issue for review.
"'The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury.'" Schenk v. HNA Holdings, Inc., 170 N.C. App. 555, 559, 613 S.E.2d 503, 507 (quoting Davis v. Dennis Lilly Co., 330 N.C. 314, 322, 411 S.E.2d 133, 138 (1991)), disc. review denied, 360 N.C. 177, 626 S.E.2d 649 (2005). "A trial court's decision to grant or deny a motion for directed verdict or a motion notwithstanding the verdict will not be disturbed on appeal absent an abuse of discretion." Crist v. Crist, 145 N.C. App. 418, 422, 550 S.E.2d 260, 264 (2001)).
The criteria for an award of punitive damages are set out in N.C. Gen. Stat. § 1D-15 (2005), which provides that:
(a) Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that one of the following aggravating factors was present and was related to the injury for which compensatory damages were awarded: (1) Fraud; (2) Malice; (3) Willful or wanton conduct.
(b) The claimant must prove the existence of an aggravating factor by clear and convincing evidence.
In addition, before punitive damages may be awarded against a corporation, it must be shown that "the officers, directors, or managers of the corporation [must have] participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages." N.C. Gen. Stat. § 1D-15(c) (2005).
This Court's determination of whether the trial court erred by granting defendant's motion for directed verdict requires us to review the evidence presented at trial. However, plaintiff failed to provide this Court with either a transcript or narrative of the evidence presented. Moreover, we are unable to discern whether the deposition excerpts and other discovery materials included in the record on appeal were offered in evidence at trial.
Appellant's reliance on N.C.R. App. P. 9(c)(4) as somehow proving that the materials were offered in evidence is unpersuasive. Though not directly on point, this passage fromGlobal Circuits of N.C., Inc., v. Chandak, 174 N.C. App. 797, 800-801, 622 S.E.2d 643, 645-646 (2005), seems relevant:
As a necessary predicate to an evaluation of plaintiffs' arguments, the record on appeal must reflect what evidence was presented to the arbitration panel. While the arbitration agreement specifically afforded the parties the ability to record the arbitration hearing, this Court has not been provided a transcript of the arbitration hearing. Nor have we been provided a narrative of the proceedings; a listing of the witnesses proffered by the parties and a summary of their testimonies; and/or an identification of the exhibits actually presented to the arbitration panel. . . .
Because the record does not establish what "submissions from arbitration" were offered by plaintiffs in their motions to vacate, it is exceedingly difficult for this Court to evaluate whether the trial court itself erred in denying plaintiffs' motions to vacate.
"'It is the appellant's duty and responsibility to see that the record is in proper form and complete.'" McKyer v. McKyer, __ N.C. App. __, __, 642 S.E.2d 527, 532 (2007) (quoting State v. Alston, 307 N.C. 321, 341, 298 S.E.2d 631, 644-45 (1983)). "'An appellate court is not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court.'" Id. (quoting State v. Williams, 274 N.C. 328, 333, 163 S.E.2d 353, 357 (1968)). "'The record does not contain the oral testimony; therefore, the court's findings of fact are presumed to be supported by competent evidence.' . . . As defendant failed to include a narration of the evidence or a transcript with the record, we presume the findings at bar are supported by competent evidence." Davis v. Durham Mental Health/Dev. Disabilities Area Auth., 165 N.C. App. 100, 112, 598 S.E.2d 237, 245 (2004) (quoting Fellows v. Fellows, 27 N.C. App. 407, 408, 219 S.E.2d 285, 286 (1975)). This assignment of error is overruled.
Plaintiff also argues that the trial court erred by denying her motion to tax costs and fees to defendant. Plaintiff asserts that the trial court abused its discretion and that its denial was based in part upon the court's erroneous order for directed verdict on plaintiff's claim for punitive damages. Without a transcript of the evidence or narrative summary of the trial evidence, we are also unable to review this issue. Thus, this assignment of error is overruled.
"'This Court is bound by the record before it,' and where the record is void of anything indicating otherwise, we will assume the trial judge correctly applied the law[.]" State v. Bell, 166 N.C. App. 261, 266, 602 S.E.2d 13, 16-17 (2004) (quoting State v. Williams, 304 N.C. 394, 415, 284 S.E.2d 437, 451 (1981)). Accordingly, we conclude that the trial court's orders were not in error.
No Error.
Judges McGEE and STEPHENS concur.
Report per Rule 30(e).